## 29655. CORBETT v. THE STATE.

INGRAM, Justice.

Appellants Eschol Corbett, Jr., and Virginia Murray were indicted with a third party on two counts of armed robbery. Appellant Corbett was found guilty of both counts and appellant Murray was found guilty of one count at their joint trial before a jury in Laurens Superior Court. Appellant Corbett received two sentences of 20 years imprisonment, to run concurrently, and appellant Murray received a sentence of 10 years imprisonment. This appeal complains that the trial court erred in denying appellants' post-conviction motion for a supersedeas bond and also erred in permitting the state to introduce evidence of prior convictions as to appellant Corbett during the sentencing phase of the trial. We affirm as we find no error for any reason urged by appellants.

The trial court has discretion after conviction in felony cases to grant or deny bail. This discretion will not be controlled on appeal unless it has been abused. Appellants have made no showing that the trial court abused its discretion in this case. *Hardwick v. State,* 131 Ga. App. 721 (206 SE2d 727).

The only other enumerated error relates to the admissibility of the prior convictions during the sentencing phase of the trial. A proper objection was made at the trial and overruled by the court. It is urged that notice of these convictions was not given by the state prior to trial. At the time this case was tried, Code Ann. § 27-2534 was applicable to it. This law provided that only such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible at the sentencing phase of the trial.

In *Gates v. State,* 229 Ga. 796 (4) (194 SE2d 412) relied on by appellants, this court said: "We believe that this statute means that notice of each specific conviction to be introduced in evidence by the State at the sentencing phase of the trial should be given to the party on trial or his attorney. And the fact that such notice was given should be clear and not cloudy, as in this case."

However, the issue here is not whether the notice was

clear but whether it was timely. The record shows this case was called for trial on a Friday afternoon, during the recess of a trial in another criminal case, for the sole purpose of selecting a jury with the actual trial to begin on the following day. The district attorney wrote on a yellow sheet of legal paper some notice that he expected to introduce several prior convictions of appellant Corbett and handed it to defense counsel. The jury was sworn and excused until the following day. There is a dispute between counsel as to whether this notice was given defense counsel before or after the jury was sworn on Friday afternoon. However, on the following day when court convened for the trial, the district attorney handed defense counsel copies of the written evidence of prior convictions he expected to introduce and defense counsel agrees these were in proper form. At that time, defense counsel made a motion to continue the case until the following Monday morning on grounds unrelated to the notice of prior convictions. The trial court granted the motion and all persons connected with the trial were excused at that time. When court convened on Monday morning, the witnesses were sworn and sequestered and the trial got under way.

Defense counsel argues that since he did not receive proper notice of the prior convictions until after the jury had been sworn, the terms of Code Ann. § 27-2534 were violated and harmful error necessarily accrued therefrom which requires a new trial.

The district attorney argues that, under the circumstances of this case, no error occurred because the trial did not actually begin until Monday morning and defense counsel had ample notice of the prior convictions before the trial got under way.

It is true that generally the cases hold that jeopardy attaches when the jury is impaneled and sworn. E.g., see *Ferguson v. State,* 219 Ga. 33, 35 (131 SE2d 538) (1963). But the question we confront is, do the words, "prior to . . . trial" as used in Code Ann. § 27-2534 mean that the notice of evidence in aggravation must always be given to the defendant before jeopardy attaches to avoid reversible error?

We have found no case answering this precise

question, and none has been cited to us. However, we believe a reliance on the jeopardy rule misplaces the emphasis and intent of this provision of the statute. It was written to prevent the defendant from being surprised by the state's use of evidence in aggravation during the sentencing phase of the trial and to bar the use of such evidence when the defendant receives no notice of it before he is put on trial.

Thus, as we interpret the statute, it is the use of aggravating evidence by the state without giving prior notice of it that is the primary safeguard of this provision of the statute. In the present case, even if the first "yellow sheet" notice of the prior convictions is considered insufficient and it is assumed that proper notice was not given until after the jury was sworn, defense counsel concedes that he received sufficient notice on Saturday morning before the trial began on the following Monday. We believe there was a reasonable compliance with the statute in this case since defense counsel obtained the full continuance he sought and made no complaint about not having sufficient time to investigate the evidence in aggravation or to prepare some defense thereto. Under these circumstances, we find no error and the trial court will be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 7, 1975 — DECIDED FEBRUARY 18, 1975.

*Dubignion Douglas,* for appellants.
*Beverly B. Hayes, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.