### 29410. PHILLIPS v. THE STATE.

Ingram, Justice.

King Henry Phillips appeals from the verdict and judgment of Bibb County Superior Court, finding him guilty of two counts of armed robbery and one count of aggravated assault. He was sentenced to two consecutive life terms for the armed robbery convictions and a 5-year sentence for the aggravated assault conviction, to be served consecutively with the armed robbery sentences. We find no error for any reason enumerated in this appeal.

The evidence presented at trial reveals that on April 29, 1974, the Clearbrook Dairy Store in Macon was robbed at gun point by three black males. Shortly thereafter, on the same day, the Broadway Cash Market in Macon was also robbed by three black males at gun point, one of whom assaulted the husband of the owner. The police, operating on descriptions of the robbers, a description of the car in which they were riding, and a license tag number supplied by a witness to the Broadway Cash Market robbery, issued a lookout call over the police radio for a Dodge RT with a yellow bottom and a black top bearing a Fulton County tag, No. GPJ 993, and occupied by four black males. Officer D. L. Daniel, on downtown patrol at the time, testified that immediately after receiving the radio call he observed a car fitting the exact description given and he pulled it over to the curb.

Defendant Phillips was driving the car. Officer Daniel made a search of each of the men for weapons and held them until Detective Paige, who was in charge of the first robbery investigation, arrived on the scene. When Detective Paige arrived, the men were placed in a squad car and a search was made of the car. Items of evidence were found in the car which were later identified as fruits of the two robberies along with several weapons.

At defendant's trial, an incriminating statement made earlier by defendant to investigating officers was introduced against him over objection that it was involuntary. In addition, two co-defendants testified at defendant's trial and implicated defendant in both robberies.

Defendant first contends that the state erred in admitting a metallic powdered substance found on his person and testimony relating thereto because there was no probable cause for the initial stop and arrest; that the search itself was unreasonable; that defendant's incriminating statement was not voluntarily made; and, that the judgment and verdict were based on a lack of relevant and sufficient evidence.

We consider first defendant's argument that there was no probable cause for the initial stop and arrest. There is some discrepancy in the transcript as to the exact contents of the police radio report. Defendant argues that the report said two black males occupied the car. Officer Daniel did initially testify that the report he received indicated that two black males were in the described car. However, he immediately corrected himself upon recounting the situation and stated that the report disclosed four black males were in the suspect car. Detective Paige, the officer who investigated the scene of the first robbery, and who made the report, testified that he described a car as being occupied by four black males. Officer Daniel, the officer making the initial seizure, stated that he stopped the suspect car and merely conducted a limited pat-down search for weapons and then waited for Detective Paige to arrive on the scene.

In *Brisbane v. State,* 233 Ga. 339, 343 (211 SE2d 294) (1974), this court held that, "It is clear that in cases where there are some reasonable articulable grounds for

suspicion, the state's interest in the maintenance of community peace and security outweigh the momentary inconvenience and indignity of investigatory detention." "What is demanded of the police officer, . . . [that case holds], is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing." Id. p. 341. We believe Officer Daniel was acting under a reasonable and well-founded suspicion in initially stopping the car and, after stopping the car, detaining the occupants. Furthermore, it is clear that Detective Paige, the detective who issued the report and interviewed the victim of the first robbery, clearly had probable cause to arrest the four men in the car on suspicion of armed robbery. The arrest, therefore, was valid and the search of the person of the defendant, revealing a metallic powdered substance, was justified as a search incident to a lawful arrest. The arresting officer had reasonable grounds to believe that a felony had been committed and that the persons arrested had committed it. This satisfies the legal requirements of probable cause in this issue. See Draper v. United States, 358 U. S. 307, 313 (1959); *Hood v. State,* 229 Ga. 435 (192 SE2d 154) (1972).

Defendant also makes the argument that the search of his automobile was unreasonable. The basis of this contention is that the occupants were no longer in the car at the time of the arrest and were, in fact, handcuffed and placed in the police car, thus obviating any threat of harm or other exigent circumstances. The arresting officers had probable cause to believe that fruits of the robberies and weapons used therein might be located in the automobile, and they were authorized to conduct a search of the automobile without a warrant in this case. Cf. Coolidge v. New Hampshire, 403 U. S. 443 (1971). In Chambers v. Maroney, 399 U. S. 42, 52 (1970), the court stated: "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment."

We recognize that the validity of an arrest is not

always determinative of the right to a subsequent search of an automobile. But in the present case, the circumstances justifying the arrest also furnished probable cause for the search. See Chambers v. Maroney, supra, p. 47, Note 6. See also, *Williams v. State,* 129 Ga. App. 103 (198 SE2d 683) (1973); and Carroll v. United States, 267 U. S. 132 (1925).

Defendant also contends that the statement made by him while in jail, and introduced in evidence against him at the trial, was not voluntarily made but rather was the product of his fear of police brutality. Defendant also contends that he was not advised of his Miranda rights prior to making the statement and that he could not understand the statement given him to sign because he could not read. At the trial, upon introduction of evidence relating to the statement, the trial judge excused the jury and conducted a Jackson v. Denno hearing to determine the voluntariness of the statement. The statement introduced at the trial was made by the defendant approximately 24 hours after his arrest. The officer testified that he read defendant his Miranda rights from a card, similar to one which the officer read to the court which contained the Miranda warnings. The officer testified further that he advised defendant that the statement would be a voluntary one, that it would state that he had not been threatened or promised any reward, and that it would be used against him. He further testified he advised defendant that he had a right to make no statement and that if he wished to make a statement that he had the right to have an attorney present during the statement, and that an attorney would be appointed if he desired.

The trial judge determined, after considering the evidence at the Jackson v. Denno hearing, that the statement was voluntarily made and that it was admissible. The only evidence to the contrary is the testimony of the defendant who contends that he was never advised of his rights and that the statement was made under threat of harm. The trial judge must use his discretion and evaluate the credibility of the evidence presented and nothing appears from the transcript that would indicate the trial judge abused his discretion in

believing the detective who testified contrary to the defendant under the totality of the circumstances shown here. See Boulden v. Holman, 394 U. S. 478, 480 (89 SC 1138, 22 LE2d 433) (1969); Brown v. United States, 356 F2d 230, 232 (10th Cir. 1966); United States v. Arcediano, 371 FSupp. 457, 466 (D. C. N. J. 1974).

Defendant's final enumeration of error that the verdict was based on a lack of relevant and sufficient evidence, is without merit. The evidence introduced at the trial fully sustained the conviction of the defendant for the offenses charged against him.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 13, 1975 — DECIDED FEBRUARY 25, 1975.

*Bernice Turner,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Deputy Assistant Attorney General,* for appellee.