## 55405. CARNEY v. THE STATE.

McMURRAY, Judge.

Defendant appeals from the judgment of conviction finding him guilty of burglary in which he was sentenced to serve a term of ten years. *Held:*

The sole enumeration of error is that the court erred in denying a motion to suppress any and all evidence obtained as a result of an alleged illegal arrest and seizure. The evidence was subsequently used over objection against this defendant at his trial. The facts which the trial court considered in denying the motion to suppress were as follows: The sheriff of Dawson County was called to investigate a burglary occurring in Dawson County shortly before 6 p.m. The victim related to the

sheriff the items stolen which included certain guns. The victim's son gave the sheriff a description of the suspects which involved three persons who drove away from the victim's residence in a 1972 or 1973 model Thunderbird automobile, white in color and bearing a certain described license plate number. This information was relayed to the Georgia State Patrol, which in turn broadcast a lookout almost immediately upon receipt of same. Approximately 15 minutes later a special agent of the Georgia Bureau of Investigation after hearing the broadcast sighted the vehicle bearing the described license plate number on an interstate highway and followed it for some distance. He called for assistance from the Georgia State Patrol, at which time the Gwinnett County Police Department was notified to assist. The GBI agent was in an unmarked "undercover" vehicle and chose not to stop the suspects. He then observed the Gwinnett County police officer who did make the arrest and was present at the time of the stop and remained there throughout the investigation. The police officer checked the driver's license, again contacted the sheriff to ascertain the missing articles that had been reported, and the arrest was made. The police officer shined a flashlight in the back seat of the car and pulled out an "Auto-Loader type rifle." The GBI agent himself observed a "red plaid shirt" stuffed under the front seat, and also testified the police officer advised the occupants, one of whom was the defendant, that this rifle and other evidence had been reported, along with the vehicle, as being involved in a burglary in Dawson County. When the Dawson County sheriff arrived at the Gwinnett County Police Department he placed them formally under arrest for burglary and carried them back to Dawson County together with the evidence, several guns, a Polaroid camera, a "plaid jacket," and a ladies handbag. Both the Gwinnett County policeman and the GBI agent had more than an articulable suspicion, that is, probable cause to stop the vehicle and detain it and its occupants based upon the information received. Thereafter, the observation of the "plaid jacket" or "red plaid shirt" as well as the rifle in plain view was sufficient to stop and detain the defendant, and the police officer clearly had probable cause to arrest the three persons on suspicion of burglary. The arrest was

therefore valid, and the search of the vehicle after the rifle and shirt were seen in plain view was not an illegal search under the circumstances. The arresting officer had probable cause to believe other fruits of the burglary might then be located in the automobile, and he was authorized to conduct a search thereof without a warrant. See in this connection a somewhat similar situation in *Phillips v. State,* 233 Ga. 800, 801-803 (213 SE2d 664). See also *Brisbane v. State,* 233 Ga. 339, 341-344 (211 SE2d 294); *Williams v. State,* 129 Ga. App. 103, 105 (1) (198 SE2d 683). The trial court did not err in denying the motion to suppress the evidence, nor did the trial court err in admitting this evidence during defendant's jury trial.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

Submitted March 6, 1978 — Decided April 11, 1978.

*Michael E. Sullivan,* for appellant.
*Jeff Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.