## 57147. TAYLOR v. THE STATE.

McMURRAY, Judge.

Defendant was indicted with two others for the offense of armed robbery in that they did take with the intent to commit theft $60 in money and cigarettes of the value of $240, the property of Colonial Interstate, Inc., d/b/a Interstate Stations, located on a certain street in the City of Savannah, by the use of an offensive weapon. Defendant was tried and convicted and sentenced to serve a term of 15 years. Motion for new trial as amended was then filed and denied. Defendant appeals. *Held:*

1. During the investigation of the armed robbery a detective received information that the vehicle used had tag number "MDG 933," which vehicle was already under investigation as being a reported stolen car or one obtained by fraudulent means. He observed a vehicle displaying the tag and arrested the defendant as the driver of the automobile. The detective inventoried the contents of the vehicle to satisfy himself that the vehicle

contained no weapons, at which time he observed a quantity of cartons of cigarettes in a box in the trunk. However, he relocked the trunk and a later search was made in which the cigarettes were seized as evidence at the police station. There was probable cause to arrest the defendant, seize the vehicle in question, appropriate the contents therein as evidence, and to take the defendant's statement after he had been advised of his rights. See in this connection *Gregg v. State,* 233 Ga. 117 (210 SE2d 659). The trial court did not err in denying defendant's motion to suppress this evidence.

2. After a Jackson v. Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)), the trial court determined that the statement made by the defendant after his arrest was freely and voluntarily made after the defendant had waived his right to silence and an attorney and made such admissions involving him as the wheel man in the armed robbery, although he contended therein that he had no knowledge that the other two co-defendants indicted with him intended to rob the station. Considering the totality of the evidence the trial court did not err in allowing the admissions in evidence. See *Pierce v. State,* 235 Ga. 237, 239 (3) (219 SE2d 158); *Thomas v. State,* 233 Ga. 237, 240 (210 SE2d 675); Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618).

3. The trial court did not err in allowing the playing of the tape recording of the statement made by the defendant in the presence of the police officers inasmuch as the proper foundation had been laid for the use of the tape recorder. The testimony discloses that the policeman showed that the tape recorder was capable of taking testimony down, the operator of the device was competent to operate it; he established the correctness and authenticity of the tape; that no changes, additions or deletions had been made thereto and that he had preserved the recording tape and identified the speakers. The trial court had already determined the testimony elicited was freely and voluntarily made without any duress. The requirements of *Steve M. Solomon, Jr., Inc. v. Edgar,* 92 Ga. App. 207, 211-213 (3) (88 SE2d 167), were fully complied with here. See also *Central of Ga. R. Co. v.*

*Collins,* 232 Ga. 790, 793-795 (3) (209 SE2d 1); *Harris v. State,* 237 Ga. 718, 724-725 (230 SE2d 1).

4. The remaining enumeration of error concerns an alleged error of the trial court occurring during the sentencing phase of the proceedings in which ·it allegedly allowed into evidence prior records of the defendant where no timely notice had been furnished or given to the defendant as required by Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357). Defendant contends that he was served with the evidence in aggravation which was made known to him on the day prior to the day of trial. Counsel for defendant asserts that such notice was insufficient under *Queen v. State,* 131 Ga. App. 370 (205 SE2d 921). However, in *Corbett v. State,* 233 Ga. 756, 757 (213 SE2d 652), the Supreme Court held that notice in that case was sufficient. The Supreme Court in *Corbett* said that the statute (Code Ann. § 27-2503, supra) "was written to prevent the defendant from being surprised by the state's use of evidence in aggravation during the sentencing phase of the trial and to bar the use of such evidence when the defendant receives no notice of it before he is put on trial." Further, the defendant here did not avail himself of a motion for continuance prior to the commencement of the trial nor prior to sentencing on the grounds that he had insufficient time to review the prior convictions. There is no merit in this complaint.

5. The evidence was sufficient to prove the defendant's guilt beyond a reasonable doubt and the weight of this testimony was for the jury which convicted the defendant. Thereafter, the trial court denied his motion for new trial. See in this connection *Proctor v. State,* 235 Ga. 720, 721 (221 SE2d 556); *Bryant v. State,* 146 Ga. App. 43, 46 (7) (245 SE2d 333). The trial court did not err in overrruling defendant's motion for new trial.

*Judgment affirmed. Deen, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 10, 1979 — DECIDED FEBRUARY 9, 1979.

*Ralph R. Lorberbaum,* for appellant.
*Andrew J. Ryan, III, District Attorney, Stephen R.*

*Yekel, Robert M. Hitch, III, Assistant District Attorneys,* for appellee.