Michael Eugene **FIELDS,** Plaintiff,

v.

Edward **TANKERSLEY,** Sheriff, Columbia County, Georgia, Defendant.

Civ. A. No. 180–74.

United States District Court,
S. D. Georgia,
Augusta Division.

May 14, 1980.

John H. Ruffin, Jr., Augusta, Ga., for plaintiff.

Richard E. Allen, Augusta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

On April 22, 1980, Michael Eugene Fields filed a petition for relief in the nature of a writ of habeas corpus under the provisions of 28 U.S.C. § 2254. Mr. Fields is presently confined in the Columbia County Jail under an indictment for murder. He alleges he has been denied the right of access to his selected counsel and that he had been arbitrarily and discriminatorily denied bail. Shortly after the filing of the petition, this Court entered a rule nisi to require the sheriff of Columbia County, Georgia, to show cause why the writ should not be issued. A hearing was held in this Court April 28, 1980.

■ Federal law requires a petitioner under 28 U.S.C. § 2254 to exhaust his available state remedies before a District Court can entertain the petition. 28 U.S.C. § 2254(b), (c). Failure adequately to exhaust remedies available to the petitioner and sufficient to guard his rights must result in the dismissal of the action pending proper presentation to the state courts. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *see also Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962); *Galtieri v. Wainwright*, 582 F.2d 348, 353, 355 (5th Cir. 1978). This prerequisite, however, is a matter of comity and not jurisdiction, *Stinson v. Alabama*, 585 F.2d 748 (5th Cir. 1978), and may be excused if a petitioner can show that to apply to the state courts would be an act of futility. *Fay v. Noia, supra; Galtieri v. Wainwright, supra.* These exceptions are codified in 28 U.S.C. § 2254(b):

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, *or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.* (Emphasis added).

On the basis of the emphasized phrases, the Court permitted the petitioner to proceed to adduce evidence on the issues in this case.

The petition asserts denial of effective access to counsel as one of two grounds.

The order entered by Judge Pickett on April 23, 1980, denying bail to petitioner also provided for petitioner and his counsel to meet under conditions which provide for the privacy and confidentiality he complains were lacking previously. This issue seems moot here and petitioner does not assert that present arrangements are unsatisfactory. The real issue is the denial of bail and the effectiveness of available remedies in Georgia with which to test it.

■ With respect to the existence of available state corrective process, it appears that the usual appellate process which applies to orders entered by the Superior Courts in Georgia is now closed to petitioner given a lapse of more than ten days from the entry of the interlocutory order denying bail. Ga.Code Ann. § 6–701(a)(2). However, in addition to that procedure, Georgia law provides for a habeas corpus petition in Title 50 of the Georgia Code. Section 101(a) of that title provides:

> Any person restrained of his liberty under any pretext whatsoever, except under sentence of a State court of record, may sue out writ [sic] of habeas corpus to inquire into the legality of such restraint.

This remedy has been recognized as a proper means with which to address a trial judge's exercise of discretion in setting or denying bail. *Sirmons v. State*, 243 Ga. 664, 256 S.E.2d 350 (1979); *Jones v. Grimes*, 219 Ga. 585, 134 S.E.2d 790 (1964).

The exhaustion issue is determinative here. No evidence was produced which indicates the existence of circumstances which render the available state process ineffective to protect the rights of this prisoner. This Court can examine only the issues which the Georgia Courts can examine on appeal or on a petition for habeas corpus, namely, whether there was an abuse of discretion in denying bail. *United States ex rel. Diller v. Greco*, 426 F.Supp. 375, 378 (S.D.N.Y.1977). So long as the same review is available in the Georgia courts, this Court is precluded from the consideration of the substance of this petition until the issues have been squarely and fairly presented to the Georgia courts for their consideration. *Brown v. Wilmot*, 572 F.2d 404, 406 (2d Cir. 1978). They have not been to date.

Petitioner asserts that to utilize the remedies available in the Georgia courts would be a futile exercise because the Georgia Supreme Court has consistently held that the only appealable issue for the denial of bail is the abuse *vel non* of the trial judge's discretion. It is true that the grant or denial of bail in a capital case is a matter within the sound discretion of a Superior Court judge, Ga.Code Ann. § 27–901, which will be controlled only if the discretion has been abused. *Birge v. State*, 238 Ga. 88, 230 S.E.2d 895 (1976); *Corbett v. State*, 233 Ga. 756, 213 S.E.2d 652 (1975); *Watts v. Grimes*, 224 Ga. 227, 161 S.E.2d 286 (1968); *Smith v. State*, 203 Ga. 636, 47 S.E.2d 866 (1948); *Bishop v. Wilbanks*, 161 Ga. 305, 309, 130 S.E. 819, 822 (1925); *Lester v. Georgia*, 33 Ga. 192 (1861); *Cooper v. Jones*, 24 Ga. 473, 476 (1857); *Johnson v. Holt*, 3 Ga. 117, 120 (1847).

■ Counsel for the petitioner correctly notes that an application to a state court would be futile if the highest state court has consistently ruled against the legal position a petitioner would hold. *United States ex rel. Reis v. Wainwright*, 525 F.2d 1269, 1272 (5th Cir. 1976). The argument is inapposite. The assertion presented here is that the Superior Court judge abused his discretion in denying petitioner bail. Far from precluding relief from such an abuse, the law of Georgia quite plainly states that an abuse of discretion provides the *only* circumstance upon which a court of review can take action. It is clear that the courts of Georgia do provide a remedy for the wrong the petitioner alleges.

Therefore, the petition for a writ of habeas corpus is DENIED.

Petitioner moves the Court for a certificate of probable cause to take an appeal from this denial pursuant to 28 U.S.C. § 2253. The motion is granted; probable cause for appeal is hereby certified.