## 59538. BAXTER v. THE STATE.

SOGNIER, Judge.

Baxter was stopped for speeding by Sgt. Wright of the highway patrol and offered to produce the papers for the rented automobile he was driving from the glove compartment. As he was doing so Wright saw a plastic bag containing a green leafy material that appeared to be marijuana protruding from under the front seat on the driver's side. It was stipulated that this bag contained less than an ounce of marijuana. Wright also saw marijuana seeds on the front seat and therefore searched the interior of the car; underneath some clothing on the back seat he found and removed a brown paper sack containing 14 or 15 plastic bags of a green leafy substance, later identified as 13.8 ounces of marijuana. Baxter was arrested and both he and the automobile were taken to Houston County Jail, where Wright searched the trunk and found a trash bag containing 9 pounds, 14 ounces of marijuana. Baxter was indicted for violating the Georgia Controlled Substances Act by possessing, with intent to distribute, marijuana. At trial his motion to suppress this evidence was denied, he was convicted and appeals. We affirm.

1. This appeal falls within that category of cases in which "the circumstances justifying the arrest also furnished probable cause for the search. [Cits.]" *Phillips v. State,* 233 Ga. 800, 803 (213 SE2d 664) (1975). Appellant's initial detention for speeding was proper and has not been questioned. The officer's subsequent approach to appellant's automobile (to examine the proffered papers) was also proper. Code Ann. § 27-222. The officer observed marijuana (leaves and) seeds in plain view, immediately apparent to him as contraband, the possession of which was in violation of Code Ann. § 79A-811 (j). See Code Ann. § 79A-802 (o). Compare *Cook v. State,* 134 Ga. App.

712, 715 (5) (215 SE2d 728) (1975). As the crime of possessing marijuana was being committed in the presence of a police officer there was probable cause to arrest appellant without a warrant. Code Ann. § 27-207 (a). Additionally, observation of the marijuana (leaves and) seeds in plain sight furnished probable cause to believe that other contraband might be located in the automobile, authorizing Wright to conduct a search thereof without a warrant. *Carney v. State,* 145 Ga. App. 660 (244 SE2d 603) (1978); *Phillips v. State,* 233 Ga. App. 803, supra. See also *Williams v. State,* 129 Ga. App. 103, 105 (1) (198 SE2d 683) (1973); *Caito v. State,* 130 Ga. App. 831 (204 SE2d 765) (1974); *Walker v. State,* 130 Ga. App. 860 (205 SE2d 49) (1974). Therefore, denial of appellant's motion to suppress the marijuana found under the automobile seat was not error. *Parks v. State,* 150 Ga. App. 446-47 (1) (258 SE2d 66) (1979).

2. Baxter asserts that the verdict is not supported by any evidence. However, we have reviewed the record and find that a rational trier of fact could reasonably have determined from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

*Judgment affirmed, Deen, C. J., and Birdsong, J., concur.*

SUBMITTED MARCH 5, 1980 — DECIDED
JUNE 13, 1980.

*Robert L. Hartley,* for appellant.
*Stephen A. Pace, Jr., District Attorney,* for appellee.