## 62726. BUTLER v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction of two charges of violating the Georgia Controlled Substances Act — delivery of marijuana to an undercover police officer and possession of cocaine.

Defendants William C. Butler, Clinton Watkins, and James R. Price were arrested in connection with a proposed sale of more than one pound of marijuana to an undercover police officer. The officer,

after being introduced, purchased marijuana from Watkins on December 28, 1979 and January 3, 1980. On January 7 the undercover officer discussed the purchase of 30 pounds of marijuana with Watkins but was advised it would have to be through Watkins but from another man. The undercover officer returned on January 23 to Watkins' apartment at 950 Pryor Street, Atlanta, after obtaining two arrest warrants for Watkins for the prior purchases of marijuana, and was introduced to the defendants Butler and Price. Butler quoted him a price of $365 per pound. The officer asked Price if he could examine the marijuana. He saw Price go to the parking lot and remove a package from a 1974 Chrysler. Price returned to the apartment with a one pound package of marijuana. The undercover officer examined the contents — determined it was marijuana, and stated he would make the purchase but would have to go to his car to get the money. He and Price left the apartment together. The officer saw Price replace the marijuana in the trunk of the '74 Chrysler. Then, he contacted the other officers who were on "stake-out" outside the apartment. They returned to the apartment and after knocking and receiving no answer — kicked in the door and arrested all occupants. The persons then in the apartment were told to lie down on the floor and their hands were handcuffed behind their back. An officer read them their "rights" and they were searched. The keys to the '74 Chrysler were taken from Price and a search of the car revealed 17 pounds of marijuana in the trunk.

A motion to suppress was filed by Price regarding the evidence taken from his car. Butler's counsel filed a "Motion in Limine" in which he complained of the search of Price's automobile, and the search of Butler's person and his arrest without a warrant. The trial court denied all of defendants' motions. Thereafter all defendants and their counsel consented to a bench trial wherein "counsel agreed to stipulate the facts in the case as it was held during the [sic] August of 1980 on the suppression hearing . . ." The court found all defendants guilty. Defendant Butler enumerates two allegations of error: (1) denial of his motion to suppress the evidence seized from Price's automobile, and (2) denial of his "Motion to Suppress the Evidence (Cocaine) obtained by means of" a search of his person following the police officers' entry of Watkins' apartment. *Held:*

1. Defendant contends since he is "aggrieved by an unlawful search and seizure" of Price's automobile (Code Ann. § 27-313 (Ga. L. 1966, pp. 567, 571)) and is charged with a crime involving possession of contraband, Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697) gives him "automatic standing" to contest the legality of the search. We do not agree. The "automatic standing" rule of Jones was specifically overruled in United States v. Salvucci, 448 U. S. 83

(100 SC 2547, 65 LE2d 619). The court followed its earlier reasoning in Rakas v. Illinois, 439 U. S. 128, 134 (99 SC 421, 58 LE2d 387), that Fourth Amendment rights are personal and may not be asserted vicariously. An illegal search violates the rights only of those who have a legitimate expectation of privacy in the invaded place. Id.

We need not reach this issue, since assuming arguendo the defendant has standing to contest this question, there was no illegal search. The police officer had probable cause to conduct a warrantless search of the trunk of Price's car when he saw Price place the one pound bag of marijuana therein after the officer had determined it was marijuana. *Williams v. State,* 150 Ga. App. 852 (1) (258 SE2d 659); *Stoker v. State,* 153 Ga. App. 871, 872-873 (267 SE2d 295); *Baxter v. State,* 154 Ga. App. 861 (1) (270 SE2d 71). The fact that the defendants were under arrest and in handcuffs nearby does not require a different result when probable cause to search has been established. *Phillips v. State,* 233 Ga. 800, 802-803 (213 SE2d 664). This enumeration is without merit.

2. We find no error in the search conducted of the defendant's person following the undercover officers' reentry into Watkins' apartment. The officer had probable cause to arrest Butler following his discussion with Price and Butler for the purchase of marijuana at $365 per pound, and the defendants had shown him a one pound bag of marijuana. Joint possession of the one pound of marijuana by Butler and Price established the commission of a criminal offense in the presence of an officer authorizing him to make a warrantless arrest of the offenders. Code Ann. § 27-207 (Ga. L. 1975, p. 1209); *Baxter v. State,* 154 Ga. App. 861 (1), supra. A full search of the arrestee's person is authorized at the time of arrest. Code Ann. § 27-301 (Ga. L. 1966, p. 567); *Orr v. State,* 145 Ga. App. 459, 463 (244 SE2d 247); Adams v. Williams, 407 U. S. 143, 149 (92 SC 1921, 32 LE2d 612); United States v. Robinson, 414 U. S. 218, 235 (94 SC 467, 38 LE2d 427). Defendant also alleges the breaking of the door to regain entry to the apartment was illegal. We cannot agree. The officer had two arrest warrants for Watkins. He had just left Watkins in the apartment. Code Ann. § 27-205 (Code § 27-205), authorizes an officer to "break open the door of any house where the offender is concealed." We do not find the method of entry to execute the arrest warrant to taint the subsequent arrest and search of the defendant's person.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 9, 1981.

*Pierre Howard, Robin K. Warren,* for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, H. Allen Moye, Carole E. Wall*, Assistant District Attorneys, for appellee.