## 63400. WILLIAMS v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of one count of aggravated assault on a police officer.

1. Appellant argues that the trial court erred in submitting the case to the jury without instructing the jury as to the form of their verdict in the event it found appellant guilty of the lesser included offense of simple assault. The record before us demonstrates that appellant made no request to charge on the lesser included offense of simple assault. See *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) (1976). Moreover, the record shows that appellant waived any objection to the charge as given. See *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979). Furthermore, even assuming that such a request had been made and an objection to the failure to give it not been waived, under the evidence in the instant case no error would be shown. See *Harper v. State,* 127 Ga. App. 359, 360 (3) (193 SE2d 259) (1974).

2. Immediately prior to the call of the case, defense counsel was served with notice of appellant's prior convictions which would be offered in aggravation of punishment. Defense counsel's objection to consideration of these convictions in the sentencing phase was overruled. Citing *Queen v. State,* 131 Ga. App. 370 (205 SE2d 921) (1974), appellant urges that the state did not satisfy the notice requirement of Code Ann. § 27-2503 and that the trial court's consideration of the prior convictions requires reversal of appellant's sentence. As this court has previously noted, any holding in *Queen* that notice on the day of trial is insufficient compliance with the statute has been obviated by the Supreme Court's decision in *Corbett v. State,* 233 Ga. 756 (213 SE2d 652) (1975). See *Taylor v. State,* 149 Ga. App. 30, 32 (4) (253 SE2d 428) (1979). In *Corbett,* the Supreme Court held that the purpose of the predecessor statute to existing Code Ann. § 27-2503 was "to prevent the defendant from being surprised by the state's use of evidence in aggravation during the sentencing phase of the trial and to bar the use of such evidence when the defendant receives no notice of it *before he is put on trial.*" (Emphasis supplied.) *Corbett,* 233 Ga. at 758, supra. It is clear in the

instant case that, *before* appellant was put on trial, he received notice that his prior convictions would be offered in aggravation of punishment. See *Franklin v. State,* 245 Ga. 141, 149 (5) (263 SE2d 666) (1980). Thus, the state satisfied its obligation under the statute and if appellant were of the belief that such notice was insufficient to prevent the use of his prior convictions from constituting a "surprise," a motion for a continuance premised upon such grounds should have been made. See *Taylor v. State,* 149 Ga. App. at 32 (4), supra; *Morrison v. State,* 155 Ga. App. 234 (3) (270 SE2d 397) (1980). No such motion for a continuance was made in the instant case. "[S]o if [appellant] suffered any detriment the fault was his own. [Cit.]" *Morrison,* 155 Ga. App. at 235, supra.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED APRIL 15, 1982.

*Winship E. Rees,* for appellant.

*Bryant Huff, District Attorney, Steve Franzen, Johnny R. Moore, Assistant District Attorneys,* for appellee.