## 65986. CASEY v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of theft by taking. On appeal he contends the trial court erred (1) by denying his motion to suppress evidence; (2) by denying a motion for mistrial after the prosecuting attorney commented on the failure of appellant's wife to testify; and (3) by considering an uncertified printout of appellant's criminal record during the sentence hearing.

1. Larry Freeman, chief of police of Cave Springs, Georgia, received a report that a garden tiller belonging to Doyle White had been stolen, and to be on the lookout for a brown pickup truck occupied by two men and a woman. One man was described as having long dark hair and a beard, and the woman was described as having dark hair. Shortly after receiving the report Freeman observed a brown pickup truck occupied by two men and a woman who fit the description received by Freeman. He stopped the truck, which had a garden tiller clearly visible in the open bed of the truck. Appellant was driving the truck; his wife [Linda Davis] and appellant's brother were the passengers. Freeman had appellant follow him to the police station, where the Floyd County sheriff's office was notified of appellant's arrest. The owner of the tiller came to the police station and identified the tiller as the one stolen from his home earlier in the day.

Appellant moved to suppress evidence relating to seizure of the tiller on the ground that he was stopped and arrested illegally. Appellant argues that because Freeman relied on information from an informer, he was not justified in stopping appellant. This argument is without merit.

Freeman received his information either directly from White, who reported the theft of his tiller to the police, or over his police radio from the dispatcher who received White's report. In either event, the information came from the owner of the stolen property, not from an informer. The United States Supreme Court has held that an individual's freedom to use public highways is circumscribed by the state's police power when a police officer has "specific and articulable facts" which warrant a stop of a vehicle to investigate the circumstances which provoke a reasonable and founded suspicion. United States v. Brignoni-Ponce, 422 U. S. 873, 878 (95 SC 2574, 45 LE2d 607). This court has held that what is a "reasonable articulable

suspicion" may be "less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment." *Allen v. State,* 140 Ga. App. 828, 830 (1) (232 SE2d 250) (1976); *Radowick v. State,* 145 Ga. App. 231, 233 (244 SE2d 346) (1978). The police chief in the instant case certainly had specific and articulable facts which would authorize him to stop the pickup truck and detain the occupants briefly while checking their identification. His observation of a garden tiller in plain view as he approached the truck gave him probable cause to arrest appellant on suspicion of burglary. We have held that an arrest without a warrant is legal under such circumstances, as is seizure of property resulting from the arrest. *Carney v. State,* 145 Ga. App. 660, 661-662 (244 SE2d 603) (1978). See also *Phillips v. State,* 233 Ga. 800, 802 (213 SE2d 664) (1975). Accordingly, it was not error to deny appellant's motion to suppress.

2. Appellant next contends it was error to deny his motion for a mistrial after the prosecuting attorney stated in closing argument that Linda Davis, the wife of appellant and a co-defendant, did not testify. Appellant argues that a wife may never be compelled to testify against her husband, whether she is a co-defendant or not, and the court's curative instruction was not sufficient in this regard.

A husband or wife is competent, but not compellable, to give evidence in any criminal proceeding for or against each other, OCGA § 24-9-23 (Code Ann. § 38-1604), and no person charged in any criminal proceeding with the commission of any indictable offense shall be compellable to give evidence for or against himself. OCGA § 24-9-20 (Code Ann. § 38-415). Thus, appellant's argument in this regard is correct. Further, our Supreme Court has held that the failure of a defendant's wife to testify was not a legitimate subject matter of argument for counsel for the state. *James v. State,* 223 Ga. 677, 684 (5) (157 SE2d 471) (1967). See also *Ferry v. State,* 161 Ga. App. 795, 796 (1) (287 SE2d 732) (1982). It does not follow automatically, however, that such a comment constitutes reversible error.

OCGA § 9-10-185 (Code Ann. § 81-1009) provides that where counsel makes prejudicial statements in the presence of the jury concerning matters not in evidence, it is the duty of the court to prevent such conduct. The statute provides further: "On objection made, the court shall also rebuke counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds. In its discretion, the court may order a mistrial if the plaintiff's attorney is the offender."

In the instant case the trial court rebuked the prosecuting attorney immediately in the presence of the jury. Thereafter, the trial court instructed the jury that it is not necessary for any defendant

ever to take the stand, and that the burden is always upon the state to prove a defendant's guilt beyond a reasonable doubt. The court then informed the jury that Linda Davis "doesn't have to take the stand ... So you forget about that, and do not use that in making your verdict whatever it might be." In an earlier case where the prosecuting attorney made improper comments in closing argument, our Supreme Court held: "The trial judge in passing upon a motion for mistrial on account of alleged improper argument ... is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused." *Smith v. State,* 204 Ga. 184, 188 (2) (48 SE2d 860) (1948). The corrective action taken by the trial court here was in compliance with the statute and eliminated the possibility of prejudice to appellant from the improper remark. Hence, we find no abuse of discretion in denying appellant's motion for a mistrial.

3. Lastly, appellant contends that the trial court erred during the sentence hearing by considering an uncertified printout from the National Crime Information Center of appellant's criminal record as only certified copies of convictions may be considered in determining a defendant's sentence. This enumeration of error is not supported by the transcript.

The state submitted the printout in question and appellant objected to consideration of the document. After a brief discussion the prosecuting attorney asked for a continuance to obtain certified copies of appellant's prior convictions. The request was denied and the court proceeded to sentencing. Just prior to announcing sentence, the court stated that it had not read the printout, and appellant withdrew his motion objecting to the document. Thus, there is nothing for us to review. *Sims v. State,* 159 Ga. App. 692 (1) (285 SE2d 65) (1981).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JUNE 27, 1983 —
REHEARING DENIED JULY 13, 1983.

*Barbara J. Gale,* for appellant
*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.