20152. TRAMMELL v. THE STATE.

Duckworth, Chief Justice. Tommie Lee Trammell was indicted, tried, and convicted in Fulton Superior Court of murder without a recommendation of mercy by the jury. A motion for new trial and an amendment thereto were thereafter filed and denied, and the exception is to that judgment. *Held:*

1. The court, after sustaining an objection by the defense counsel to certain testimony, did not err in instructing the jury that whenever he sustained objections to testimony the jury was not to consider the testimony ruled out and not to consider the question or the answer. The ground of the amended motion for new trial, complaining that the court failed to properly instruct the jury not to consider the testimony is without merit.

2. Evidence of an argument between the accused and his wife the night before the shooting, and that he pointed a shotgun at her and caused her to jump through a glass door, would not be inadmissible as putting his character in evidence since the testimony explains the motive and circumstances for the deceased brother being present the next morning to investigate the disturbance between the accused and his sister, even though it may have shown the commission of another crime by the accused. *McClung* v. *State,* 206 *Ga.* 421 (1) (57 S. E. 2d 559); *Anderson* v. *State,* 206 *Ga.* 527 (1) (57 S. E. 2d 563); *Crawford* v. *State,* 211 *Ga.* 166 (2) (84 S. E. 2d 354). This ground is without merit.

3. The uncontradicted evidence showing that the accused shot the deceased after an argument, that after the argument the deceased, immediately before the shooting, walked to his automobile, and the accused went into his house, got his gun and shot the deceased as he sat in the automobile—the court did not err in failing to charge on manslaughter as requested, there being no evidence to show manslaughter. And an exception to an omission to charge "on manslaughter" is too vague and indefinite to raise any question for determination when it does not point out the degree of manslaughter involved. *Johnson* v. *State,* 146 *Ga.* 190 (91 S. E. 42); *Knight* v. *State,* 148 *Ga.* 40 (95 S. E. 679); *Hines* v. *State,* 204 *Ga.* 1 (2) (48 S. E. 2d 680); *Woodruff* v. *State,* 204 *Ga.* 17, 18 (4) (48 S. E. 2d 885); *McLendon* v. *State,* 205 *Ga.* 55 (4) (52

S. E. 2d 294) ; *Richardson* v. *State,* 207 *Ga.* 373 (3) (61 S. E. 2d 489). There is no merit in this ground complaining of the failure to charge on manslaughter.

4. The evidence was sufficient to support the verdict, and the court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 16, 1958—DECIDED SEPTEMBER 5, 1958.

*Dan Copland,* for plaintiff in error.

*Paul Webb, Solicitor-General, Thomas R. Luck, Jr., Eugene L. Tiller, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.