## 55896. CLARK v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of burglary. During the sentencing phase the state offered evidence of three previous convictions. Defendant objected to the consideration of two because the offenses to which they related were *committed* after the offense for which defendant was then being sentenced. The records of these cases all show defendant's entry of pleas of guilty and sentences *prior* to the verdict in this case. *Held:*

Code § 27-2503 (a) (Ga. L. 1974, pp. 352, 357) relating to pre-sentence hearings in felony cases, provides in part: ". . . In such hearing the judge shall hear additional evidence in extenuation, mitigation, and aggravation of

punishment, including *the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant . . ."* (Emphasis supplied.)

We have previously construed this statute adversely to defendant's contention in *Wallace v. State,* 134 Ga. App. 708 (7) (215 SE2d 703). The date that the prior offenses were committed does not control. The controlling date is the date of entry of the judgment of conviction and sentence or date of entry of the plea of guilty or of nolo contendere. The evidence here was properly considered.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED MAY 22, 1978 — DECIDED JUNE 15, 1978 — REHEARING DENIED JULY 20, 1978 — 

J. H. Affleck, Jr., for appellant.
Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, for appellee.