## 56107. SMITH v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of rape, aggravated sodomy, armed robbery, and aggravated assault. *Held:*

1. The trial court refused to permit defendant's counsel to ask each juror whether the juror would find it easier to believe the testimony of a law enforcement officer than the testimony of any other witness. A trial court under Code Ann. § 59-705 has discretion to limit examination of a juror to questions dealing directly with the specific case and to prohibit general questions. *Hill v. State,* 221 Ga. 65 (142 SE2d 909). The question here was general in nature and had no tendency to illustrate any prejudice against the defendant or any interest in the cause. The question was not a proper one and the no abuse of discretion occurred in not allowing it to be asked.

2. Three jurors during voir dire stated that they believed from hearsay sources that the crimes charged had been committed. They were all challenged for cause but the challenges were overruled. To disqualify a juror in a criminal case, he must have formed and expressed an opinion, either from witnessing the crime or having heard

sworn testimony concerning it. One who from some other sources had formed and expressed an opinion which is not fixed and determined and who indicates his competency by answering the statutory questions on voir dire is not an incompetent juror. *Wilburn v. State,* 141 Ga. 510 (3) (81 SE 444). See also Code § 59-806. While we question the justness of this rule, it is nevertheless the law and we must follow it. These jurors were not shown to be disqualified under the foregoing rules.

3. Defendant's motion to suppress certain evidence was denied after a hearing. There was evidence which authorized the trial court to find that the defendant had voluntarily consented to the challenged search and seizure. This showing of consent voluntarily obtained authorized the overruling of the motion. *Guest v. State,* 230 Ga. 569 (198 SE2d 158).

4. While defendant was in jail, he was asked by a deputy sheriff to give the latter a sample of his, the defendant's hair. The defendant indicated an unwillingness to furnish the sample. He then was advised by the deputy in effect that the sample could be taken from him involuntarily. The defendant then gave the deputy the sample. The introduction of the hair sample was objected to on the ground that the hair sample was obtained in violation of his privilege against self-incrimination. The obtaining of this hair sample under these circumstances was proper and not in violation of defendant's right against self-incrimination. *Creamer v. State,* 229 Ga. 511 (192 SE2d 350).

5. An item of real evidence, a multi-colored jacket, was offered in evidence and it was objected to on the ground that the jacket had not been connected to defendant. The objection was sustained and the jury was admonished to disregard any testimony concerning the exhibit. The defendant's counsel then moved for a mistrial based on this inability of the state to connect the exhibit to defendant. The motion was denied. The court's instruction to the jury to disregard was sufficient to eliminate any possible harm which might have arisen from the testimony concerning the exhibit and the state's failure to connect it to defendant. No abuse of discretion in denying the motion has been shown.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED JUNE 26, 1978 — DECIDED OCTOBER 16, 1978 — REHEARING DENIED NOVEMBER 7, 1978 — 

*Gibson, McGee & Blount, J. Baker McGee, Jr., Lamar Gibson,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.