## 57160. WILLIAMS v. THE STATE.

BIRDSONG, Judge.

Dastin Williams a/k/a William Jake Austin, was convicted of armed robbery and sentenced to seven years, the last two on probation. He enumerates four alleged errors. *Held:*

1. In the first enumeration of error, appellant argues that it was error to admit pistols recovered from the two accomplices in the armed robbery on the ground that because the pistols were not used in the accomplishment of the robbery, the pistols were irrelevant and prejudicial. The facts gave rise to the conclusion that the three co-accuseds were engaged in a joint endeavor. They were all arrested a short distance from the scene of the robbery and the three pistols recovered at the scene of the arrest.

Where a conspiracy is established by the evidence, exhibits relevant to the commission of the crime are admissible against a co-conspirator. *Lindsey v. State,* 227 Ga. 48, 54 (178 SE2d 848). Furthermore, all the circumstances connected with the arrest of the defendant are admissible and may be weighed by the jury for what they are worth. *State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165); *Hawkins v. State,* 137 Ga. App. 483, 484 (224 SE2d 118). This enumeration is without merit.

2. Appellant complains in his second enumeration of error that the trial court allowed the state too expansive a cross examination of a co-accused, thus destroying the credibility of the witness for the defense. We are constrained to observe that is the very purpose of cross examination. Our scrutiny of the cross examination conducted by the state compels us to conclude that the cross examination was fair and proper. The scope of cross examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it is shown there has been an abuse of that discretion. No such abuse is disclosed by this record. *Crowder v. State,* 233 Ga. 789 (6) (213 SE2d 620). There is no merit in this enumeration.

3. The third enumeration concerns itself with the failure of the trial court to give a charge in the language

requested by appellant. The charge of the court fully covered the requested charge though not in the language desired. Failure to charge in the exact language requested, where the charge given substantially covered the same principles is not error. *Pollard v. State,* 236 Ga. 587, 589 (224 SE2d 420). This charge is without foundation.

4. In his last enumeration, appellant urges error in the denial of a motion for new trial on the same grounds above discussed and because the verdict is decidedly against the weight of the evidence. For the reasons stated in the first three divisions of this opinion, it was not error, on those grounds, to deny the motion for new trial. On appeal, our review is restricted to the legal sufficiency of the evidence, not the weight of the evidence. *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461). It is our duty on appeal to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury. *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891). This standard is satisfied by the evidence in this case. *Proctor v. State,* 235 Ga. 720, 721 (221 SE2d 556); *Jackson v. State,* 138 Ga. App. 208, 209 (225 SE2d 763). This final enumeration is without merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 16, 1979 — DECIDED FEBRUARY 9, 1979.

*Hall, Bloch, Garland & Meyer, William D. Harrison,* for appellant.

*W. Don Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.