## 60142. MORRISON v. THE STATE.

BIRDSONG, Judge.

From conviction upon two counts of violation of the Georgia Controlled Substances Act by sale of marijuana, Eddie James Morrison appeals and cites the four errors below. *Held:*

1. It was not error to refuse to allow defense counsel to ask upon voir dire whether prospective jurors had any tendency to believe police officers or witness for the state in preference to the accused, or, as rephrased upon objection, whether any juror had any bias or favor towards the testimony of a law enforcement officer. *Bennett v. State,* 153 Ga. App. 21, 25-26 (264 SE2d 516); *Smith v. State,* 148 Ga. App. 1 (251 SE2d 13). The first form of the question invades the province of the jury to determine credibility of the witnesses, and the second form is too general and conclusory to determine real bias or prejudice. See, e. g., *Bradham v. State,* 243 Ga. 638, 639 (256 SE2d 331).

2. It was not error that the trial court refused to charge: "When the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, our law compels the acceptance of the theory which is consistent with innocence and you must acquit the defendant. In other words, where in the opinion of the jury, the evidence is so equally balanced on each side that the jury believes each side is reasonably believeable, then proof beyond a reasonable doubt has not been produced by the state and in such case it would be the duty of the jury to find a verdict of not guilty." The trial judge correctly charged the law of circumstantial evidence, given at Code § 38-109, that the proven facts must not only be consistent with the theory of guilt but must exclude every other reasonable hypothesis save that of the guilt of the accused. Moreover, the charge in the form requested is imprecise and misleading. Finally, appellant has not shown how the refusal to give the charge, even if error, was harmful, and has shown this court no evidence which would require the charge.

3. Appellant cannot complain that his counsel was handed a record of a prior conviction one minute or less before the jury was struck to try the case, and that therefore he had insufficent notice of the prior conviction and thus use of it at pre-sentencing hearing was error (see Code § 27-2503(a)). If appellant was surprised by this evidence of aggravation one minute before trial, still he had ample opportunity to move for continuance of the pre-sentencing hearing,

so if he suffered any detriment the fault was his own. *Taylor v. State,* 149 Ga. App. 30, 32 (253 SE2d 428).

4. Failure to record and report the voir dire, absent the defendant's request and absent any showing of a specific instance of prejudice or harm therein is not reversible error. *Marshall v. State,* 239 Ga. 101, 103 (236 SE2d 58); *Hamilton v. State,* 146 Ga. App. 884 (247 SE2d 551); and see *Graham v. State,* 153 Ga. App. 658, 660 (266 SE2d 316).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JUNE 4, 1980 — DECIDED
JULY 10, 1980.

*George M. Saliba,* for appellant.
*Richard W. Shelton, Assistant District Attorney,* for appellee.