## 61355. LOFTON v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his burglary conviction. The evidence presented by the State was as follows:

At around 4:30 a.m., Officer Smith was patrolling his beat in the 400 Block of Radium Springs Road when his attention was attracted to a subject, later identified as the defendant, "peeping around the corner of one of the partitions" of the Dixie Pride Car Wash. He then observed the defendant "duck back" after seeing the police car. As the patrolman pulled into the car wash he observed the defendant run and jump into a 1974 Plymouth Duster, which was parked next to the office of the car wash with its trunk open. The defendant then fled the scene in the Duster with the patrolman in pursuit.

A high speed chase of the defendant eventually involved two other patrol units and he was apprehended. The officer also stated that the trunk was open during the entire chase, that it was bouncing up and down, but that it never closed. Two policemen testified that the defendant resisted, and that force had to be used to effect his arrest.

Patrolman Turney was dispatched to the scene at the same time the chase was in progress. He secured the scene, and found that the storage room door had been broken, and that several vending machines had been damaged, and that some tools were present at the scene. Detective Murphy testified that he arrived at the scene and contacted Officer Turney who was still present. He then recovered a cap with a "Holsum" insignia, and several wrenches. He later determined that the defendant was employed at Holsum Products.

Don Daniel, the owner of the car wash testified that he had been at the car wash the previous day at 8:00 p.m. and that between that time and 4:30 the next morning the door of the building had been torn open, several machines had been damaged and the stock was in disarray. Mr. Daniel had not given anyone authority to be in the office of the car wash on the night of the burglary.

The defendant testified that he pulled into the car wash because he had been drinking and wanted to sober up. He stated when he saw the officer he fled because he did not have his driver's license and was driving a borrowed car. He further stated that the trunk lid of the car was closed while he was at the car wash and during the chase. *Held:*

1. Error is assigned upon the trial judge's refusal to charge the defendant's written request as follows: "I charge you that mere presence at the scene of the crime even coupled with flight from authority, without more, is not sufficient for conviction." The jury was instructed regarding the necessity of establishing criminal intent

and on the principles regarding a defendant's flight from authority.

While the request was a correct statement of law (*Denham v. State,* 144 Ga. App. 373 (1) (241 SE2d 295), *Fleming v. State,* 149 Ga. App. 781 (256 SE2d 56), it states a principle properly utilized by a court in determining the sufficiency of the evidence to sustain a conviction. It is inappropriate as a charge to the jury since, if applicable to the facts, a verdict for the defendant would be demanded.

It is well established that language which is appropriate when contained in an opinion by a reviewing court may be improper when embodied in a jury charge. *Waller v. State,* 213 Ga. 291, 292 (1) (99 SE2d 113); *Jackson v. State,* 225 Ga. 553, 561 (170 SE2d 281); *Mafnas v. State,* 149 Ga. App. 286, 288 (3) (254 SE2d 409).

The refusal to give the requested charge was not error.

2. Under the facts as related previously, when viewed in a light most favorable to the verdict, the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 10, 1981.

*Kenneth W. Musgrove,* for appellant.
*William S. Lee, District Attorney, J. Brown Moseley, Assistant District Attorney,* for appellee.