## 37896. COX v. THE STATE.

WELTNER, Justice.

Bobby Cox was indicted in March, 1981, in the Superior Court of Newton County for felony murder and robbery by force. The jury found Cox guilty on both counts, and the trial court directed a verdict of not guilty of robbery by force, as it merged into the felony murder conviction. Although the district attorney sought the death penalty and the jury found that two statutory aggravating circumstances were present, the jury fixed the punishment as life imprisonment.

On appeal, Cox asserts four enumerations of error.

1. Cox alleges that the trial court erred in finding that a written, signed statement made by him and introduced into evidence was made freely and voluntarily after having been advised of his constitutional rights. Cox testified at the Jackson-Denno hearing that he was physically abused and that his confession was extracted by force. The mother of a co-defendant testified that she was at the jail and heard Cox "hollering, like he was hurting," in an upstairs room for 20-30 minutes at about the time the confession was given. Police officers testified that Cox was given Miranda warnings and that his confession was given freely and voluntarily with no physical abuse. After a lengthy hearing consuming some 40 pages of transcript, the trial judge stated that he found "the statement in question was freely and voluntarily given by the defendant after having been advised of his Miranda rights."

"Factual and credibility determinations made by a trial judge after a suppression hearing are accepted by appellate courts unless clearly erroneous. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974)." *Young v. State,* 243 Ga. 546, 548 (255 SE2d 20) (1979). This enumeration is without merit.

2. Cox alleges that the trial court erred in denying his motion for funds to employ an expert on the issue of age discrimination regarding his challenge to the array of the grand jury which indicted him. The trial court properly denied the motion, as we have held that young adults do not constitute a recognized class for the purpose of a challenge to the array. *Barrow v. State,* 239 Ga. 162 (236 SE2d 257) (1977).

3. Cox assigns as error the refusal of the trial court to allow counsel to ask the following question of a juror, who acknowledged that her son-in-law was a security guard: "Would you have any tendency whatsoever to believe the testimony of police officers or security guard officers over the testimony of any other witnesses?" We have repeatedly upheld the discretion of the trial court to restrict voir dire to questions dealing directly with the specific case, and to

prohibit overly broad questions. *Bennett v. State,* 153 Ga. App. 21, 26 (264 SE2d 516) (1980); *McNeal v. State,* 228 Ga. 633 (3) (187 SE2d 271) (1972); *Hill v. State,* 221 Ga. 65, 68 (142 SE2d 909) (1965).

The question invades the province of the jury to determine individual credibility in the context of the entire case. Nor is it phrased so as to elicit any bias or prejudice against the defendant, or in favor of law enforcement officers *solely* by virtue of their status as law enforcement officers. Code Ann. § 59-705; *Bennett,* supra; *Smith v. State,* 148 Ga. App. 1 (1) (251 SE2d 13) (1978); *Morrison v. State,* 155 Ga. App. 234 (1) (270 SE2d 397) (1980).

Cox relies chiefly on *Bradham v. State,* 246 Ga. 638 (256 SE2d 331) (1979), in which this court held that, where a juror stated he had three sons who were law enforcement officers and he would be inclined to give more credence to a police officer's testimony than a nonpolice witness, it was reversible error not to strike the juror for cause. While reaffirming the holding of *Bradham,* we note that neither in our opinion nor in the opinion of the Court of Appeals (148 Ga. App. 89 (250 SE2d 801) (1978)) was the question itself set out, nor was the propriety of the question challenged. A review of the record in *Bradham* establishes the voir dire inquiry as follows: Q. "Mr. Matthews, would you be in any way influenced by the fact that your sons are law enforcement officers, would that incline you toward the prosecution?" A. "I believe it would." It is seen that this exchange clearly elicited bias in favor of the prosecution. This enumeration of error is without merit, as is the final enumeration.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 6, 1982.

*Alexander & Royston, James B. Alexander,* for appellant.

*J. W. Morgan, District Attorney, Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Marion O. Gordon, John C. Walden, Senior Assistant Attorneys General, George Weaver, Staff Assistant Attorney General,* for appellee.