## 64481. FOX v. THE STATE.

SOGNIER, Judge.

1. Appellant was convicted of burglary and contends in his first enumeration of error that the trial court erred by instructing the jury on "parties to a crime" pursuant to Code Ann. § 26-801, as there was no evidence to justify such a charge.

At the conclusion of its charge to the jury, the court asked if counsel for either side had any objection to the charges as given. Appellant questioned whether the judge had informed the jury that they could find the defendant not guilty, but made no objection to any charge given by the court. Although the failure to object does not amount to induced error "appellant has waived his right to enumerate error by failing to respond to the court's inquiry on any

objections to the charge." *White v. State,* 243 Ga. 250, 251 (253 SE2d 694) (1979).

2. Appellant next contends the trial court erred by admitting, over objection, certified copies of prior convictions (at the sentence hearing) as he was not given written notice of the state's intention to introduce such evidence.

The prosecuting attorney stated on the record that he had discussed the prior convictions with appellant's counsel two weeks prior to trial; that they discussed the record of appellant's prior convictions; and that appellant's counsel had a copy of appellant's criminal history, including the record of his prior convictions. The prosecuting attorney also stated that he did not receive the *certified* copies himself until the day before trial and when he asked defense counsel to go over them, defense counsel refused to do so.

Code Ann. § 27-2503 (a) provides, in pertinent part, that "only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible." "All the statute [27-2503 (a)] requires is 'clear notice' to an accused of all previous convictions that the state intends to introduce at trial." *Potts v. State,* 241 Ga. 67, 83 (14) (243 SE2d 510) (1978). Although the defense counsel did not receive *written* notice of the prior convictions, he did receive the "clear notice" required by *Potts,* supra. *Bowden v. Zant,* 244 Ga. 260, 263 (15A) (260 SE2d 465) (1979). Accordingly, this enumeration is without merit.

3. Appellant contends that the trial court erred by charging the jury on the presumptions that a person of sound mind intends the natural and probable consequences of his acts, and that such acts are presumed to be the product of that person's will. The court also charged that such presumptions are rebuttable. This contention has been decided adversely to appellant. *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 21, 1982.

*Charles R. Floyd, Jr., Derek H. Jones,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Jack E. Mallard, Assistant District Attorneys,* for appellee.