## 65993. THOMPSON v. THE STATE.

Sognier, Judge.

Appellant was convicted of theft by taking a motor vehicle. He appeals on the general grounds and alleges error in an instruction to the jurors that they could not abstain from voting on a verdict.

1. The evidence disclosed that Mike Flippo was a member of a dance band playing at the American Legion Club in Walker County,

Georgia. Flippo parked his van near the club's stage door to unload equipment and left it there during the dance. Around midnight Gregory Brown saw appellant in Flippo's van at a service station; when Brown asked appellant if he wanted to sell the van, appellant said he couldn't sell it, and had to get back to the dance and pick up the band. Brown informed Flippo of the incident. Flippo discovered his van was missing and called the police. Flippo had given no one authority to take the van. The van was discovered the following morning parked in the yard of a house occupied by appellant and another man. When questioned at the scene by a deputy sheriff, appellant stated he had traded his car for the van the night before. On trial appellant testified to the same effect, and denied stealing the van or knowing that it was stolen.

The evidence is sufficient to support the verdict. The weight of the evidence and credibility of witnesses are questions for the triers of fact, and this court passes on the sufficiency of the evidence, not its weight. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After deliberating for approximately four hours the jury informed the court that it was deadlocked. When the court asked for the numerical division the foreman stated that the jury was 3, 7 and 2, with the 2 being undecided, and "cannot vote." The court then stated: "The first thing I want to tell you is that you are obligated to vote one way or the other, you were sworn as jurors to make a decision in this case and there is no place for total indecision, it is your obligation and duty under your oath as a juror to vote one way or the other." The court then gave the "dynamite" charge and again stated: "All right, again I will emphasize that there is no place for abstentions in a jury room." Appellant contends the statements by the court amounted to coercion and intimidation of the jury, and thus, were error. This contention has been decided adversely to appellant in *Pender v. State,* 249 Ga. 495, 496-497 (2) (292 SE2d 69) (1982), where our Supreme Court held that telling a jury they must vote one way or another, and that a juror cannot abstain from voting, was not error. See also OCGA § 17-9-2 (Code Ann. § 27-2301).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JUNE 8, 1983.

*Ronald C. Goulart,* for appellant.

*David L. Lomenick, District Attorney, Herbert G. Franklin, Jr., Virginia R. B. Harmon, Assistant District Attorneys,* for appellee.