### 72869. RUSHIN v. THE STATE.
(348 SE2d 910)

CARLEY, Judge.

Appellant was tried on an indictment charging him with two counts of aggravated assault. A jury found him guilty as to Count One, after the trial court had directed a verdict of acquittal as to Count Two. Appellant appeals from the judgment of conviction and sentence entered on the guilty verdict.

1. Appellant urges that the trial court erroneously denied his motion to quash the indictment. The asserted fatal defect is the failure of the indictment to set forth with specificity one of the essential elements of aggravated assault, to wit: employment of "a deadly weapon or . . . any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2).

" '[T]he true test of the sufficiency of the indictment is not "whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' " [Cits.]' [Cit.]" *Bostic v. State*, 173 Ga. App. 494, 495 (326 SE2d 849) (1985). The instant indictment alleged that appellant had committed an aggravated assault upon the person of the victim by commission of an act of "shooting." The term "shooting" is not susceptible of an overly broad interpretation. It clearly denotes the use of a deadly weapon. See generally *Fallon v. State*, 5 Ga. App. 659 (63 SE 806) (1908); *Perry v. State*, 104 Ga. App. 383, 384 (1) (121 SE2d 692) (1961). The indictment meets the test of *Bostic v. State*, supra. See also *Fletcher v. State*, 157 Ga. App. 707 (2) (278 SE2d 444) (1981). There was no error in denying appellant's motion to quash.

2. Appellant enumerates the general grounds. Upon review of the entire record, we find there was sufficient evidence adduced at trial from which any rational trior of fact could have found proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cartaya v. State*, 176 Ga. App. 404, 405 (336 SE2d 324) (1985).

3. The State called one of the investigating officers as its witness. The officer began his testimony by stating that he himself had heard "what appeared to be shots." Appellant objected on hearsay grounds

when it then appeared that the witness was on the verge of testifying as to what may or may not have been an inadmissible hearsay conversation. See generally *Momon v. State,* 249 Ga. 865 (294 SE2d 482) (1982); *Nasworthy v. State,* 169 Ga. App. 603 (314 SE2d 446) (1984). The trial court sustained appellant's hearsay objection. After an abortive attempt to recommence his testimony, the witness was asked to "go ahead" by the State's counsel. The witness then began to testify as to what may have been the substance of the hearsay conversation. The extent of his testimony was the following: "That there were shots being fired by a man that was intoxicated and that he was. . . ." At that point, appellant's counsel did not renew his objection or move to strike the testimony. He merely stated that he did not "understand" and asked only if his objection had been sustained. When told that it had been, he asked only for unspecified "curative" instructions. The trial court stated that it had "already ruled. . . ." Appellant enumerates as error the trial court's failure "to give curative instructions as to hearsay testimony that was improperly adduced."

In this court, as well as in the trial court, appellant has not suggested the "curative" instructions that should have been given under the circumstances. Presumably, the argument is that the jury should have been instructed not to consider the witness' presumptive hearsay testimony concerning an intoxicated man firing shots. See generally *Trammell v. State,* 214 Ga. 384 (1) (104 SE2d 891) (1958). However, it appears that appellant's counsel never sufficiently apprised the trial court that, contrary to its earlier ruling, the witness may have begun to give the substance of the hearsay conversation. From the transcript, it would appear that the trial court construed the actions of appellant's counsel as merely an inquiry concerning the *original* objection. Even assuming that the actions of appellant's counsel were sufficient to invoke a ruling by the trial court as to the witness' *subsequent* testimony, the failure to give "curative" instructions was, at most, harmless error. The testimony did not specifically identify appellant as the intoxicated man who was firing shots. Even if it had, the testimony would only have been cumulative of other probative testimony which did identify appellant as the intoxicated assailant. See generally *Teague v. State,* 252 Ga. 534, 537 (2) (314 SE2d 910) (1984).

4. On direct examination, the victim testified, without elaboration, that she had once "threatened" appellant with a weapon but not on the night in question. When appellant's counsel attempted to cross-examine the victim regarding that incident, the State's objection was sustained. Appellant urges that this ruling was erroneous.

"[A] defendant may *in certain circumstances* introduce evidence of specific acts [of violence] directed by the victim toward the defendant to show defendant's reasonable belief that he is being assailed by

the victim so as to support a defense of self-defense. . . ." (Emphasis supplied.) *Harrison v. State,* 251 Ga. 837, 839 (310 SE2d 506) (1984). Only "if the defendant makes out a prima facie case for justification, . . . may [he] offer evidence of 'prior specific assaults by the [victim] upon the defendant to illustrate his contention that he reasonably believed he had to use deadly force to defend himself.' [Cits.]" *Bennett v. State,* 254 Ga. 162, 164 (326 SE2d 438) (1985). In the instant case, appellant did not raise justification as a defense. He merely denied the shooting altogether. Appellant did not suggest to the trial court that the object of the cross-examination was to elucidate any other relevant issue in the case such as the potential bias of the victim. Moreover, the victim had admitted shooting at appellant on an earlier occasion and had not denied the continued existence of hard feelings between them. The cases seem to hold that, under these circumstances, it would not be permissible to question the victim further on the theory that it would constitute a thorough and sifting cross-examination of her bias. See generally *Sasser v. State,* 129 Ga. 541, 548 (6) (59 SE 255) (1907); *Walker v. State,* 74 Ga. App. 48, 49 (1) (39 SE2d 75) (1946). "[W]here it is not attempted to be shown that facts sought to be developed [on cross-examination] are remotely connected with the case, there is no error in excluding them because of their immateriality." *Stevens v. State,* 49 Ga. App. 248, 251 (174 SE 718) (1934). There was no erroneous abridgement of the right of cross-examination in the instant case.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 12, 1986.

J. *Robert Joiner,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Margaret H. Earls, Assistant District Attorneys,* for appellee.