72720. CADE v. THE STATE.
(348 SE2d 769)

SOGNIER, Judge.
Appellant was convicted of aggravated assault and appeals.

1. Appellant contends the trial court erred by admitting his in-custody statement into evidence, because the statement improperly placed his character in issue. When appellant was being advised of his *Miranda* rights, and in order to determine if appellant understood his rights, appellant was asked if he was under the influence of drugs. He replied that "I ain't took no dope in about a week and I ain't messed up that way." Appellant contends that such a statement was not relevant to the charge, was not part of the res gestae, and did not meet the requirements for admissibility of evidence of similar offenses. Thus, appellant argues that this portion of his statement to police should have been excluded, as it improperly placed his character in issue. This contention is without merit.

Even assuming, as contended by appellant, that his statement to the police was an admission, not a confession, it is no valid ground of objection to the admission into evidence of an incriminating statement *or* confession made by the accused in a criminal case that the language indicated that the accused had committed another offense. *Berryhill v. State*, 235 Ga. 549, 551-552 (6) (221 SE2d 185) (1975); *Bashlor v. State*, 165 Ga. App. 329, 331 (3) (299 SE2d 418) (1983). The statement that appellant was not on drugs was made to show that he understood his rights, and was relevant to show that he knowingly and voluntarily waived his right to remain silent and to talk to or have a lawyer present before making a statement. Since it must be shown that appellant's waiver was made knowingly and intelligently, the statement was pertinent in determining the voluntariness of appellant's statement. Hence, it was not error to admit the statement into evidence in its entirety. Id.

2. Appellant contends the trial court erred by allowing the State to improperly put appellant's character into evidence by prosecutorial misconduct, namely, improper remarks by the prosecuting attorney in closing argument. The remarks complained of were that the defendant supplied a teenager with alcohol, that the defendant was accused of selling drugs, and that the defendant stated that he had not used drugs for a week.

In regard to the first remark complained of, the court sustained appellant's objection to the remark and instructed the jury to disregard the remark of the district attorney. Thus, there is nothing for us to review as to that statement. The other two statements complained of were based on evidence in the record. Since the remarks did not introduce facts not in the record, the court did not abuse its discretion in overruling appellant's objection. *Hightower v. State*, 135 Ga. App. 275, 277 (1) (217 SE2d 636) (1975); *Hancock v. State*, 158 Ga. App. 829, 833 (6) (282 SE2d 401) (1981).

3. Appellant contends the evidence was not sufficient to support the verdict because he did not intend to shoot anyone, but only in-

tended to scare off people who were attacking his home and his automobile. Intent is a question for the jury, *Jerome v. State*, 143 Ga. App. 649 (239 SE2d 541) (1977), and after examining the entire transcript, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. Appellant contends the trial court failed to properly charge the jury on the intent necessary to commit aggravated assault. He does not argue that the court's charge on intent was incorrect, but contends that the charge on intent was not "closely connected" with the charge on aggravated assault and thus, the jury could not properly understand the charge on intent. The court charged the jury fully and correctly on intent, and we find nothing in the transcript to support appellant's contention that the jury could not, or did not, understand the charge on intent as applied to aggravated assault. This court cannot consider representations in a brief which are not supported by the transcript. *Chamlee v. State*, 166 Ga. App. 696, 697 (2) (305 SE2d 369) (1983).

Appellant also contends in this enumeration that the trial court erred by denying his request to charge on intent and his request to charge on assault. The court's charge on these two issues substantially covered the principles of appellant's requested charges, and the fact that the court's charge was not in the exact language requested is not a ground for reversal. *Kelly v. State*, 241 Ga. 190, 191 (4) (243 SE2d 857) (1978).

5. Appellant contends the trial court erred by failing to give his requested charge on self-defense. The court charged the jury on self-defense in the language of OCGA §§ 16-2-21 and 16-2-23, which is the law in Georgia. Those code provisions cover the same principles requested by appellant; hence, it was not error to deny his request to charge. *Kelly*, supra.

6. For the reasons set forth in the preceding divisions, it was not error to deny appellant's motion for a new trial.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 17, 1986.

*Teddy Ray Price*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra Kaplan Turner, Assistant District Attorney*, for appellee.