## 76912. DAY v. THE STATE.
(374 SE2d 87)

CARLEY, Judge.

Appellant was tried before a jury on an indictment which charged him with three counts of aggravated assault. The jury returned guilty verdicts as to two of the three counts. The trial court entered judgments of conviction and sentences on the guilty verdicts. Appellant appeals from the denial of his motion for new trial.

1. The general grounds are raised in several of appellant's enumerations of error. "The weight of the evidence and credibility of witnesses are questions for the triers of fact, and this court passes on the sufficiency of the evidence, not its weight. [Cit.] We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Thompson v. State,* 166 Ga. App. 850, 851 (1) (305 SE2d 662) (1983).

2. Appellant filed a pretrial demurrer to the indictment, assert-

ing that it was "defective and insufficient as it fails to set out a specific or valid violation of the laws of Georgia." The trial court's overruling of the demurrer is enumerated as error. The indictment upon which appellant was tried sufficiently tracks the applicable language of OCGA § 16-5-21 (a) (2). Accordingly, the trial court did not err in overruling the demurrer. See OCGA § 17-7-54; *Rushin v. State*, 180 Ga. App. 276 (1) (348 SE2d 910) (1986).

3. The trial court did not err when it delegated to the assistant district attorney the responsibility for propounding to the jury the statutory questions provided in OCGA § 15-12-164. See *Hicks v. State*, 232 Ga. 393, 399-400 (207 SE2d 30) (1974).

4. The denial of appellant's motion that a prospective juror be stricken from the jury panel for cause is enumerated as error. We note at the outset that, although the State urges that appellant's failure to have exhausted his peremptory strikes is dispositive of this enumeration, it is clear that this will no longer serve to "render the error[, if any,] harmless." *Harris v. State*, 255 Ga. 464, 465 (2) (339 SE2d 712) (1986). Accordingly, the merits of this enumeration must be addressed.

The prospective juror was challenged on the ground that he was related to one of the victims within the prohibited degree. See OCGA § 15-12-163 (b) (4). The prospective juror's brother was the step-father of the victim and, thus, the prospective juror was the step-uncle of the victim. Accordingly, the victim and the brother of the prospective juror were certainly related but the victim and the prospective juror himself were not related within any degree. See generally *Central R. & Banking Co. v. Roberts*, 91 Ga. 513, 516 (1) (18 SE 315) (1893); Daniel, Ga. Crim. Trial Prac., § 18-18 (1987 ed.). Although the prospective juror did indicate that he had "heard" about the incident, he affirmed that this would not cause him "to lean toward one side of the case or the other" and that he would render "a decision based on the evidence." The trial court did not err in refusing to grant appellant's motion that the prospective juror be stricken from the jury panel for cause. See generally *Smith v. State*, 148 Ga. App. 1 (2) (251 SE2d 13) (1978); *Todd v. State*, 143 Ga. App. 619 (1) (239 SE2d 188) (1977).

5. After the rule of sequestration had been invoked, the investigating officer was allowed, over appellant's objection, to remain in the courtroom but was not required to testify first. There was no error. See *Davis v. State*, 242 Ga. 901, 903 (3) (252 SE2d 443) (1979).

6. During the cross-examination of a witness for the State, appellant introduced an exhibit into evidence. At the conclusion of the State's case, appellant rested without calling any witnesses or introducing any evidence in his own behalf. The trial court correctly held that, under these circumstances, the State had the right to open and

to conclude the argument to the jury. See *Mitchell v. State*, 169 Ga. App. 630, 632 (3) (314 SE2d 468) (1984).

7. Several of appellant's enumerations of error concern the trial court's jury charge.

The refusal to give appellant's requested charge on reckless conduct as a lesser included offense is enumerated as error. There is, however, no construction of the evidence which would authorize a finding that appellant, in stabbing the victims, had committed the crime of reckless conduct. Compare *Bowers v. State*, 177 Ga. App. 36, 39 (2) (338 SE2d 457) (1985). Under the evidence, appellant was guilty of aggravated assault or was not guilty of any crime. Accordingly, it was not error to refuse to give the requested charge on reckless conduct as a lesser included offense. See *Riley v. State*, 181 Ga. App. 667, 669 (3) (353 SE2d 598) (1987).

Likewise, it was not error to refuse to give the following requested charge: "Mere presence at the scene of the crime, even when coupled with flight from authority, without more, is not sufficient for conviction." See *Lofton v. State*, 157 Ga. App. 447 (1) (278 SE2d 94) (1981).

Since the trial court's charge did include a correct instruction on the credibility and impeachment of witnesses, it was not error to refuse to give the charge that appellant had requested on that issue. See generally *Williams v. State*, 149 Ga. App. 34 (3) (253 SE2d 432) (1979).

Based upon an asserted "gap in time" between the trial court's giving of a general charge on intent and its giving of a charge on aggravated assault, appellant urges that the jury may have erroneously inferred that his mere act of causing injury to the victims, regardless of his intent, was sufficient to find him guilty. As against this assertion, *Cade v. State*, 180 Ga. App. 314, 316 (4) (348 SE2d 769) (1986) is not, as appellant contends, distinguishable and the holding therein is controlling in this case.

8. Several of appellant's enumerations of error relate to the trial court's consideration, during the sentencing hearing, of a prior conviction of appellant.

Receipt by appellant's counsel, prior to jury selection, of notice of the State's intent to use the prior conviction in aggravation of any sentences imposed in this case was timely notice pursuant to OCGA § 17-10-2. See generally *Cobb v. State*, 244 Ga. 344, 354 (20a) (260 SE2d 60) (1979); *Morrison v. State*, 155 Ga. App. 234 (3) (270 SE2d 397) (1980). Although a certified copy of appellant's prior conviction may not have been attached to the pretrial notice, this would not serve to render inadmissible the certified copy that was subsequently tendered at the sentencing hearing. See *Fox v. State*, 163 Ga. App. 601, 602 (2) (295 SE2d 563) (1982). The failure to move for a continu-

ance precludes appellant from asserting that his counsel was not afforded an ample opportunity to investigate the admissibility of the prior conviction as evidence in aggravation of the sentences imposed in this case. See *Morrison v. State,* supra at 234 (3); *Taylor v. State,* 149 Ga. App. 30, 32 (4) (253 SE2d 428) (1979). Likewise, the fact that appellant's prior conviction was for the commission of a crime more than 10 years previously did not render it inadmissible in the sentencing hearing. "The date that the prior offenses were committed does not control." *Clark v. State,* 146 Ga. App. 799, 800 (247 SE2d 489) (1978).

9. Appellant was convicted of committing an aggravated assault upon two separate individuals. Accordingly, the trial court did not err in imposing two sentences rather than one. See generally *Satterfield v. State,* 248 Ga. 538 (3) (285 SE2d 3) (1981).

10. When, in the sentencing hearing, the trial court indicated that it was considering restitution as an element of the sentences that it would impose, appellant requested that "there be a fact finding . . . that he could pay it. . . ." Despite appellant's request, no such "fact finding" was ever made by the trial court. As to Count I of the indictment, appellant was sentenced to twenty years. As to Count II, appellant was given a consecutive sentence of ten years on probation, conditioned upon his payment of a fine and restitution of the unpaid medical bills of the victim. Appellant enumerates the trial court's imposition of the conditionally-probated sentence on Count II as erroneous for failure to conduct a hearing in accordance with *Bearden v. Georgia,* 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983).

OCGA § 17-10-8 authorizes the imposition of a fine as a condition of a probated sentence for a felony conviction. Likewise, OCGA § 17-14-3 authorizes the payment of restitution as a condition of the probation of a sentence imposed against an adult criminal defendant. Pursuant to the mandate of *Bearden v. Georgia,* supra, however, "where payment of a fine [or restitution] is made a condition precedent to probation, a defendant's probation may not be revoked or withheld because of his failure to pay the fine [or restitution] without a showing of wilfullness on his part or inadequacy of alternative punishments." *Massey v. Meadows,* 253 Ga. 389, 390 (321 SE2d 703) (1984). "The only possible factual distinctions of significance between this case and *Massey* are that this case concerns a conditionally [probated] sentence which will commence only after [the] unconditional sentence of imprisonment [on Count I] has been served, whereas *Massey* concerned a conditionally probated sentence which was to begin immediately. We see no significance to these distinctions, and agree . . . that the [trial] court should have conducted a *Bearden* hearing after sentencing [appellant], and that the [trial] court's failure to do so renders [appellant's] conditional[ly probated] sentence

unconstitutional." *Gaither v. Inman*, 253 Ga. 484 (322 SE2d 242) (1984).

Accordingly, appellant's conditionally-probated sentence on Count II must be reversed and the case remanded with direction that appellant be resentenced on that count in accordance with *Bearden* and *Gaither*. Compare *Ludden v. State*, 176 Ga. App. 109, 111 (4) (335 SE2d 428) (1985) (wherein the payment of a fine was not made a condition precedent to the defendant's probation, but a condition subsequent to his remaining on probation). Moreover, the imposition of the payment of restitution as a condition of a probated sentence must comport with OCGA § 17-14-10, which requires that the trial court take certain enumerated factors into consideration and that it make written findings relative to those factors. See *Garrett v. State*, 175 Ga. App. 400, 401 (1) (333 SE2d 432) (1985). There was no compliance with OCGA § 17-14-10 as to the conditionally-probated sentence imposed upon appellant as to Count II. Accordingly, if, after holding the hearing required by *Bearden* and *Gaither*, the trial court again determines that restitution should be made a condition of appellant's probation on Count II, it is further directed to enter an order which comports with the requirements of OCGA § 17-14-10.

11. Appellant's remaining enumerations of error which are not otherwise addressed have been considered and found to be without merit.

12. The judgment of conviction and the sentence as to Count I are affirmed. The judgment of conviction as to Count II is affirmed. The sentence as to Count II is reversed and the case is remanded with direction for resentencing in accordance with Division 10 of this opinion.

*Judgments of conviction affirmed. Sentences affirmed in part and reversed with direction in part. Sognier, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion, comments should be made on two cases cited and relied upon, to wit: *Ludden v. State*, 176 Ga. App. 109, 111 (4) (335 SE2d 428) (1985), and *Central R. & Banking Co. v. Roberts*, 91 Ga. 513, 516 (1) (18 SE 315) (1893).

As to the former case of *Ludden*, one judge failed to agree with all that is said in this case. Therefore, its precedential value is in doubt. As to the latter cited case of *Central R. & Banking Co.*, this is a landmark case written by Chief Justice Bleckley, speaking for the court, who expressed the point in that case well, stating in part, at 517:

"The groom and bride each comes within
The circle of the others kin;

But kin and kin are still no more
Related than they were before."

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED OCTOBER 3, 1988

*Nancy A. Bradford*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.