## A91A2147. TOLBERT v. THE STATE.
(415 SE2d 192)

BIRDSONG, Presiding Judge.

Marshall Tolbert appeals his conviction for rape. He alleges that the trial court erred by refusing to give the following requested charge taken from *Simmons v. State*, 99 Ga. 699, 703 (27 SE 755): "I charge you that the testimony of the person alleged to have been raped should always be scrutinized with care; and when there is much in the facts and circumstances to discredit her testimony, including evidence presented by the defendant, it should be deemed insufficient to support a verdict of guilty." *Held*:

The trial judge refused to give the charge because it was "old law." Pretermitting the continued vitality of this and other dated statements based upon Lord Hale's view of the crime of rape (see, e. g., *Warren v. State*, 255 Ga. 151, 153-155 (336 SE2d 221)), the requested charge "is taken from the discussion of the evidence in *Simmons v. State*, [supra]." The language in the *Simmons* case was quoted with approval in *Slaughter v. State*, 181 Ga. 32, 37 (181 SE 292), in discussing the evidence in that case. It was not approved as an instruction to the jury in either case.

"It is the duty of the jury to weigh the facts and circumstances which discredit the testimony of the prosecutrix, and to determine whether they will believe her in spite of these discrediting facts and circumstances. It was not error in the present case to refuse to give this requested instruction." *Overton v. State*, 230 Ga. 830, 834 (199 SE2d 205). "[L]anguage which is appropriate when contained in an opinion by a reviewing court may be improper when embodied in a jury charge." (Citation and punctuation omitted.) *Lofton v. State*, 157 Ga. App. 447, 448 (278 SE2d 94).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 30, 1992.

*John H. Tarpley*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Gregory J. Lohmeier, Assistant District Attorneys*, for appellee.