A92A0055. COOK v. THE STATE.
(419 SE2d 84)

POPE, Judge.

Appellant/defendant Ronald Cook appeals his conviction for armed robbery and aggravated assault.

1. Defendant first contends that the evidence was insufficient as a matter of law to support his conviction. The jury was authorized to find the following facts from the evidence presented: On January 20, 1990, Ronald Biggerstaff and his nine-year-old daughter parked in the MARTA Avondale Station parking lot. As they proceeded to enter the train station a car passed them, stopped, and two men exited the vehicle. One man grabbed Biggerstaff's daughter, placed a knife against her throat, and threatened to kill the child if Biggerstaff did not give them his wallet. Biggerstaff threw down his wallet and the second man, who was later identified by Biggerstaff as the defendant, retrieved the wallet. The man holding Biggerstaff's daughter then demanded that he remove any other cash on his person, and Biggerstaff handed the money in his pocket to defendant. The two men then ran to the car and drove away.

Approximately two hours later an Atlanta police officer noticed a car at a gas station that fit the description of the vehicle used in the armed robbery and assault at the Avondale Station. When the officer approached the vehicle and asked the driver for identification, the driver sped off, and the person pumping the gas escaped on foot. The officer was able to apprehend the vehicle and its occupants, Charles Clay and Lisa Gamble, because the car collided with a bus. When the vehicle was searched, Biggerstaff's driver's license and various credit cards were recovered from the car. Three knives were also recovered from the vehicle, one which Biggerstaff testified was similar to the one used in the armed robbery.

Defendant used one of Biggerstaff's credit cards in a convenience store. Based on the amount and type of purchase the clerk became concerned that the card was stolen. When defendant attempted to use the card a second time, the clerk checked and was told the card was

stolen. The clerk was able to describe defendant to the police and later pick him out of a lineup. Biggerstaff also picked defendant out of a lineup and later positively identified him at a pre-trial hearing, while defendant was seated in a room with 12 similar-looking individuals.

Construing the evidence in the light most favorable to support the verdict, we hold that the evidence was sufficient for a rational trier of fact to find defendant guilty of the offenses charged beyond a reasonable doubt.

2. Defendant argues the trial court erred by allowing evidence of a similar transaction to be presented. Although evidence of prior crimes committed by the defendant is generally inadmissible, exceptions to this rule have developed allowing evidence of other crimes committed by a defendant to be admitted for limited purposes such as to show identity, plan, scheme, bent of mind, and course of conduct. *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980). Before evidence of prior crimes is admissible, the State must show at a pre-trial hearing held pursuant to Uniform Superior Court Rule 31.3 (B) that: (1) the State intends to introduce evidence of the independent act for an appropriate purpose; (2) there is sufficient evidence to establish that the defendant committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

A review of the record reveals that the State met its burden at the Rule 31.3 (B) hearing. The State offered the evidence to prove defendant's bent of mind. The defendant pled guilty to the prior crime so there was no issue concerning identity. There was also sufficient similarity and connection between the crimes. The prior transaction introduced by the State was that defendant and an accomplice, using a knife, robbed two women in 1987 at a gas station. Both crimes involved armed robbery by the use of a knife with an accomplice and were committed in public places. We hold the trial court did not err in allowing the State to present evidence of a prior similar transaction.

3. Finally, defendant asserts the trial court erred in charging the jury that "a person commits the crime of aggravated assault when he assaults another person with the intent to rob or with a deadly weapon," because defendant's indictment charged only that defendant committed aggravated assault with a deadly weapon. After the trial court charged the jury, the State brought this error to the trial court's attention and requested that the jury be correctly instructed on the indictment's charge of aggravated assault. Defense counsel objected to recharging the jury on that issue on the ground that it would

unduly emphasize the charge on aggravated assault, but refused to waive this issue as a basis for appeal. Defendant cannot claim error on appeal for the trial court's failure to charge the jury correctly on aggravated assault when the trial court's failure to give the correct charge was at the defendant's own request. " ' "(O)ne cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing." ' " *Dobbs v. State*, 200 Ga. App. 300, 301 (407 SE2d 782) (1991).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 7, 1992.

*John H. Tarpley*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, J. Thomas Morgan III, Robert W. Houman, Assistant District Attorneys*, for appellee.