A92A0498. HICKS et al. v. STATE OF GEORGIA.
(418 SE2d 794)

JOHNSON, Judge.

Patrick Hicks was stopped by a police officer for failing to signal a turn. During a search of the van driven by Hicks, the officer found and seized $3,460 believing that the money was obtained from the sale of illegal drugs. The traffic charge against Hicks was dismissed for want of prosecution, and no criminal charges were brought against him. The State filed a condemnation proceeding against Hicks for the money. Hicks answered and Juanita Hunt intervened, claiming that the money confiscated from the van belonged to her. After a jury trial, a verdict was returned for the State in the amount of $3,460. Hicks and Hunt appeal. We reverse.

1. The appellants contend that the trial court erred in admitting into evidence a certified copy of Hicks' prior felony conviction.

During the State's case-in-chief, the assistant district attorney called Hicks as a witness. He did not announce that Hicks was being called to the stand for purposes of cross-examination. While Hicks was on the stand, the State attempted to tender a certified copy of Hicks' 1987 conviction of possession of cocaine with intent to distribute into evidence. At a bench conference, appellants' counsel objected to the admission of this evidence on the ground that the conviction was being used to impeach Hicks, who was the State's own witness. The court sustained the objection and did not allow Hicks' prior conviction into evidence. Just prior to resting its case, the State again tendered the prior conviction. The appellants again objected on the basis that the conviction was not admissible as substantive or impeachment evidence. This time however, the trial court did allow the certified copy of Hicks' prior conviction into evidence. The defense called no witnesses and offered no evidence during the trial.

It is not clear from the record whether the State tendered Hicks'

prior conviction for impeachment or substantive purposes. The admission of the evidence for either reason is harmful error.

OCGA § 24-9-81 provides, "[a] party may not impeach a witness voluntarily called by him, except where he can show to the court that he has been entrapped by said witness by a previous contradictory statement. However, in the trial of all civil cases either plaintiff or defendant shall be permitted to make the opposite party . . . [take the stand] with the privilege of subjecting such witness to a thorough and sifting examination and with the further privilege of impeachment, as if the witness had testified in his own behalf and were being cross-examined."

However, when one party puts an opposing party on the stand there is not a presumption that the witness has been called for the purpose of cross-examination. *Wight Hardware Co. v. American Lubricants Co.,* 91 Ga. App. 339, 346 (85 SE2d 507) (1954); see also *Gielow v. Strickland,* 185 Ga. App. 85, 87 (363 SE2d 278) (1987). "Therefore, . . . in the absence of an announcement in open court to the effect that such a witness is put up for the purpose of cross-examination, the witness must be treated as the witness of the party calling him to the stand, with the attendant consequences." *Wight,* supra. Among the "attendant consequences" of making the adverse party the calling party's own witness, as opposed to calling him for purposes of cross-examination, is that the calling party may not impeach his own witness without a showing of entrapment by a prior inconsistent statement or surprise. OCGA § 24-9-81.

In the case sub judice, a certified copy of Hicks' prior felony conviction was admitted. If it was for the purpose of impeachment, no announcement having been made by the State that Hicks was being called for the purpose of cross-examination and no entrapment on the part of Hicks having been shown, it was harmful error for the court to have permitted the State to impeach Hicks by allowing into evidence the certified copy of his prior felony conviction.

Evidence which does not in any reasonable degree tend to establish the probability of the issues of fact in controversy is irrelevant and inadmissible. *Horne v. State,* 125 Ga. App. 40 (186 SE2d 542) (1971). If offered as substantive evidence, Hicks' prior conviction was irrelevant to any issue before the court and therefore did not serve any substantive purpose. The admission of the conviction for this purpose was also harmful error.

Therefore, the judgment entered in this case must be reversed.

2. Because of our holding in Division 1, the remaining enumerations of error need not be addressed.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 13, 1992.

*Calhoun & Associates, Gregory N. Crawford,* for appellants.

*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney,* for appellee.