## A93A0312. BASS v. THE STATE.
(432 SE2d 602)

JOHNSON, Judge.

A jury found Christopher Bass guilty of theft by taking an automobile and not guilty of theft by receiving a stolen automobile. Bass appeals from his conviction and the denial of his motion for a new

trial.

1. Bass contends that the trial court erred in allowing the State to present evidence of his prior criminal record at the sentencing hearing because the State failed to provide him with adequate notice prior to trial as required by OCGA § 17-10-2 (c). That Code section provides that "upon the return of a guilty verdict by a jury in a felony case, a pre-sentence hearing shall be conducted to determine the punishment to be imposed. At this hearing additional evidence in extenuation, mitigation, and aggravation of punishment, including the defendant's prior record, may be heard. . . . (E)vidence on aggravation shall be admissible only if the defendant has been given this evidence prior to trial." *Herring v. State*, 238 Ga. 288, 289-290 (232 SE2d 826) (1977). "All the statute requires is 'clear notice' to an accused of all previous convictions that the state intends to introduce at trial [cit.], so as to 'allow a defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial.' [Cit.]" *Potts v. State*, 241 Ga. 67, 83 (14) (243 SE2d 510) (1978); see also *Fox v. State*, 163 Ga. App. 601, 602 (2) (295 SE2d 563) (1982).

The trial transcript shows that the State told Bass' attorney that his client had a criminal record and gave him the opportunity to review that record. One week later, at the sentencing hearing Bass' attorney objected to the admission of Bass' prior criminal record claiming that he had not been served with proper notice prior to the trial. The court overruled the objection, but offered to continue the sentencing hearing so that Bass' attorney could review the record. Bass' attorney informed the court that he did not need a continuance. The court then proceeded with the sentencing hearing. Although Bass' attorney did not receive written notice of the prior convictions, we find that he did receive clear notice of the convictions and the opportunity to examine the record. See *Fox*, supra. This enumeration of error is therefore without merit.

2. Bass attempted to show that a third party who was not called as a witness at trial committed the thefts by introducing certified copies of the third party's prior auto theft convictions. The trial court excluded the evidence as irrelevant. Bass contends that the trial court erred in excluding the evidence. We disagree. "Evidence which does not in any reasonable degree tend to establish the probability of the issues of fact in controversy is irrelevant and inadmissible." (Citation omitted.) *Hicks v. State of Ga.*, 204 Ga. App. 232, 233 (1) (418 SE2d 794) (1992). The third party's prior convictions, standing alone as here, have no probative value on the issue for which they were offered by the defendant in this case. This evidence was therefore irrelevant and was properly excluded by the trial judge.

Bass also argues that the court erred in denying his motion for a continuance so that he could subpoena the third party to testify. Bass did not subpoena the third party as a witness before the trial. "One cannot complain of a . . . ruling that his own procedure or conduct aided in causing." (Citation and punctuation omitted.) *Cook v. State*, 204 Ga. App. 198, 200 (419 SE2d 84) (1992).

Moreover, it is axiomatic that it is within the discretion of the trial court to grant or deny a motion for a continuance. *Everman v. State*, 203 Ga. App. 350, 352 (2) (416 SE2d 861) (1992). Because Bass failed to show whether or how the court's ruling harmed his defense, we cannot find any abuse of the court's discretion in denying his motion. See *Dortch v. State*, 204 Ga. App. 822 (1) (420 SE2d 778) (1992).

3. Bass complains that the court erred in denying his motion for a directed verdict on the charge of theft by receiving. "A directed verdict of acquittal is authorized only where there is no evidence to support a verdict to the contrary." (Emphasis omitted.) *Lane v. State*, 177 Ga. App. 553, 554 (1) (340 SE2d 228) (1986). Having reviewed the entire record, we cannot say that a verdict of acquittal on that charge was demanded by the evidence. See OCGA § 17-9-1 (a). Moreover, no harm resulted from the court's ruling denying the motion for directed verdict on the charge of theft by receiving because the jury found Bass not guilty on that charge. Harm as well as error must be shown to warrant a reversal. See *Greer v. State*, 201 Ga. App. 775, 776 (2) (412 SE2d 843) (1991).

4. In several instances, during its charge to the jury, the trial court used the phrase, "guilt or innocence." Bass contends that the use of the phrase shifted the burden of proof to the defense by suggesting that Bass had to prove his innocence. "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. A complete review of the court's charge in this case reveals that neither this isolated charge nor the charge as a whole, shifted the burden of proof on any issue to the defendant." (Citation and punctuation omitted.) *Roker v. State*, 262 Ga. 220, 222 (4) (416 SE2d 281) (1992). The court specifically charged the jury that "there is no burden of proof on the defendant whatsoever, and the burden never shifts to the defendant to prove his innocence," and further instructed the jury that nothing he said during the trial was meant to express any opinion about the guilt or innocence of the accused. The burden of proof was not shifted to the accused. We find no error. See *Roker*, supra.

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 8, 1993.

*Shandor S. Badaruddin*, for appellant.

*Lewis R. Slaton, District Attorney, Kenneth D. Feldman, Vivian D. Hoard, Assistant District Attorneys*, for appellee.