[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 28, 2010
JOHN LEY
CLERK

_____

No. 09-12970
Non-Argument Calendar

_____

D. C. Docket No. 08-00216-CR-ORL-28-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY JERMAINE PARKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 28, 2010)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Corey Jermaine Parker appeals his convictions and total sentence of 120

months' imprisonment after a jury found him guilty of 1 count of possessing with

intent to distribute cocaine hydrochloride and 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and 1 count of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(2). On appeal, he challenges the admission of evidence obtained through the execution of two search warrants, the exclusion from evidence of the criminal records of two non-testifying individuals, and the sufficiency of the evidence as to both counts. He also argues that the cumulative effect of multiple errors at trial entitles him to relief and challenges his sentence as violating his due process rights because the district court determined his base offense level based on uncharged conduct. For the following reasons, we affirm.

First, with respect to his suppression motion, Parker sought the exclusion of all evidence obtained from the three searches (on Units A and B of his Monroe Street property and of his personal residence on Anchor Road in Palm Bay, Florida) executed by local police officers. We find no error. The warrants were based on information initially developed when Jacob Bitomsky was arrested in possession of cocaine and admitted he purchased the cocaine in Unit A. Thereafter, he became a confidential informant and assisted in the subsequent investigation leading to warrants to search Unit B and Parker's residence. This record clearly supports the district court's denial of Parker's motion to suppress.

2

Second, Parker argues that the district court erred at trial by excluding under Fed.R.Evid. 404(b) evidence that two other individuals at the arrest scene had convictions for drug offenses. He claims that he sought to introduce this evidence to show that the police disregarded the other individuals at the scene who had the skill, motive, and means to deal drugs. Again, we find no error. Under Rule 404, their criminal records were inadmissible for the purpose of suggesting that they, rather than Parker, could have sold the drugs to the first CI or that the police failed to conduct a thorough investigation. *See* Fed.R.Evid. 404(b). The district court correctly found that their prior drug offenses could only be admissible if they were called to testify. *See* Fed.R.Evid. 404(b).

Third, Parker argues that there was no credible evidence that a portion of the cocaine found during the raid was, in fact, crack cocaine and that the DEA testimony on that issue was "admittedly incorrect and extremely prejudicial." However, it is unnecessary to address Parker's claim that the evidence at trial was insufficient to show that a portion of the cocaine base found at the arrest site was "crack" because the specific type of cocaine base was not an element of the offense of conviction. *See* 21 U.S.C. § 841(b)(1)(B)(iii). Moreover, notwithstanding Parker's contention to the contrary, the Drug Enforcement Agency chemist (Burns) did not testify that, other than the paste-like variety, the only other kind of cocaine

base was crack, and, accordingly, her testimony was not misleading or unduly prejudicial.[1]

Fourth, Parker argues that the government failed to prove that he "used" a firearm during a drug trafficking offense within the meaning of 18 U.S.C. § 924(c). "Sufficiency of the evidence is a question of law we review *de novo*." *United States v. Quinn*, 123 F.3d 1415, 1426 (11th Cir. 1997). To uphold the denial of a motion for a judgment of acquittal, "we need only find that a reasonable factfinder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." *Id.* "[A]ny person who, during and in relation to . . . [a] drug trafficking crime . .. uses or carries a firearm . . . shall, in addition to the punishment provided for such . . . drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A).

In *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the Supreme Court held "that § 924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Id.* at 143, 116 S.Ct. at 505. "In order to sustain a conviction under the 'use' prong of the statute, the government must show active employment of the firearm, such as brandishing

---

[1] Having not pursued on appeal a sentencing issue in this respect, Parker has abandoned any such issue. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

[or] displaying . . . ." *Quinn*, 123 F.3d at 1427 (citing *Bailey*, 516 U.S. at 148, 116

S.Ct. at 508). "[T]he silent but obvious and forceful presence of a gun on a table

can be a "use." *Id.* at 148, 116 S.Ct. at 508.[2]

Here, viewing the evidence in the light most favorable to the government

and drawing all reasonable inferences and credibility choices in favor of the jury's

verdict, the evidence of the loaded Glock pistol displayed on the table from which

Parker conducted the controlled buy on August 13, 2008, not to mention the other

firearms located nearby and in plain view, was sufficient to support Parker's

conviction for using a firearm during a drug offense. The pistol on the table

constituted a "silent but obvious and forceful presence" and therefore the

government proved "use" within the meaning of § 924(c)(1)(A). *See Bailey*, 516

U.S. at 148, 116 S.Ct. at 508.[3]

Finally, Parker argues that, at sentencing, the district court improperly

determined his base offense level for the cocaine offense under U.S.S.G. § 2D1.1

because the other controlled substances found at the arrest scene (the prescription

medications and marijuana) were not charged or proven to the jury, in violation of

---

[2] Since *Bailey*, Congress expanded § 924(c) to permit convictions for possession of a firearm "in furtherance of" a drug trafficking crime. *See* Pub.L. 105-386, 112 Stat. 3469 (1998). As previously noted, the government charged Parker with "use" of a firearm during a drug trafficking crime, not with possession of a firearm in furtherance of such a crime.

[3] Because we find no error, we find no merit to Parker's cumulative error claim.

5

the Due Process and Double Jeopardy Clauses of the Fifth Amendment.

We have "made clear that when a district court applies the guidelines in an advisory manner, nothing in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), prohibits the district court from imposing guidelines enhancements based on facts found by the judge by a preponderance of the evidence." *United States v. Douglas*, 489 F.3d 1117, 1129 (11th Cir. 2007). Furthermore, we have held that U.S.S.G. § 1B1.3, which permits the district court to consider all acts and omissions of defendant that arose out of the same course of conduct as conviction in setting the base offense level does not, on its face, violate the defendant's due process rights. *United States v. Castellanos*, 904 F.2d 1490, 1494-95 (11th Cir. 1990).

First, Parker fails to explain the basis of his double jeopardy claim. Second, his due process claim is foreclosed by binding precedent, a point he concedes. *See United States v. Smith*, 122 F.3d 1355, 1359 (11th Cir. 1997) ("Under the prior panel precedent rule, we are bound by earlier panel holdings . . . unless and until they are overruled en banc of by the Supreme Court.").

Accordingly, we affirm Parker's convictions and total 120 months' sentence.

**AFFIRMED.**