**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 9, 2024**

# In the Court of Appeals of Georgia

A24A0010. GARRISON v. THE STATE.

MARKLE, Judge.

Following a jury trial, Thomas Lee Garrison was convicted of trafficking more than 400 grams of methamphetamine and possession with intent to distribute methamphetamine. He now appeals from the denial of his motion for new trial, arguing that (1) the trial court erred by excluding evidence under OCGA § 24-4-404 (b) that Garrison's son, Christopher, had numerous prior convictions for possession, sale, and distribution of methamphetamine, which would have shown Christopher's intent to possess the drugs attributed to Garrison, and (2) that he received ineffective assistance of counsel due to counsel's failure to seek admission of Christopher's prior

convictions to show he had the intent to possess the drugs. For the reasons that follow, we affirm.

Viewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that, in early April 2021, the Walker County Sheriff's Office Drug Task Force received an anonymous tip of drug activity at a location on Joe Robertson Road. Officers drove to the address, where they found Garrison, Christopher, and two other men standing around a white truck. Officers later determined that the truck belonged to Garrison. A K-9 officer performed an open-air sniff and alerted to the odor of narcotics in the truck. Police obtained a search warrant and, as they began to search the truck, Garrison told one of the officers where they would find drugs. He also showed them a text message he received regarding his purchase of the drugs. Police ultimately found two individually-wrapped bags of methamphetamine and digital scales in the driver's side door, and two gallon bags that also contained methamphetamine in the back seat. Subsequent lab results confirmed that the bags contained more than 995 grams of methamphetamine. Garrison told police the drugs were his because he did not want Christopher arrested.

Officers then drove Garrison to a shed on his family's property where he had said they would find approximately $30,000 from drugs sales hidden in a safe.[1] Upon searching the safe, police found cash and a metal container with methamphetamine residue.

As a result, Garrison was charged with one count of trafficking 400 grams or more of methamphetamine and one count of possession with intent to distribute methamphetamine. Prior to trial , the State notified Garrison of its intent to admit his prior drug convictions under OCGA § 24-4-404 (b) ("Rule 404 (b)"). Garrison gave notice of his intent to admit Christopher's prior drug convictions, and the State moved to exclude that evidence because Christopher was not listed as a witness and, thus, there was no basis to admit the evidence.

At a hearing prior to trial, the trial court found Garrison's prior convictions admissible to show intent, knowledge, and plan. With regard to Garrison's motion, Garrison contended that evidence of Christopher's prior drug convictions explained Garrison's state of mind in taking responsibility for the drugs to protect his son, who

---

[1] The actual amount found in the safe was approximately $21,000.

was on probation. The trial court found the evidence inadmissible and granted the State's motion to exclude Christopher's convictions.

At trial, the responding officers testified as recounted above. The State also presented evidence of Garrison's prior drug convictions, for which the trial court gave a limiting instruction. Garrison renewed his motion to admit Christopher's convictions, and the trial court again denied it, noting that Garrison could still be a party to the crime even if the drugs belonged to Christopher.

Neither Garrison nor Christopher testified. To support his defense that the drugs actually belonged to Christopher, Garrison presented the testimony of his daughter, who lived on the family property with Garrison and Christopher. The daughter testified that Christopher lived in the shed and she would see people she did not know coming and going from the shed every day.

The trial court instructed the jury about joint, actual, and constructive possession; party to a crime; and equal access. The jury convicted Garrison on both counts. Garrison filed a motion for new trial, which he amended to include the issues he raises on appeal. At the hearing on the motion for new trial, trial counsel testified that her theory of defense was that Garrison claimed the drugs as his own to protect

Christopher. She explained that she sought to admit Christopher's convictions to show Garrison's intent in accepting responsibility for the drugs — not to show *Christopher's* intent to possess drugs. She admitted that this was "an oversight." She then explained that she tried to present evidence from Garrison's daughter that would have enabled the jury to conclude that it was Christopher, rather than Garrison, who was selling drugs.

The trial court denied the motion for new trial, finding that counsel was not ineffective. This appeal followed.

1. Garrison first argues that the trial court abused its discretion when it excluded evidence of Christopher's drug convictions because the statutory language of Rule 404 (b) permits the admission of such evidence regarding non-testifying third parties.[2] According to Garrison, there was evidence that Christopher was in constructive possession of the drugs, and thus the prior convictions were relevant to show *Christopher's* intent to possess the drugs. He contends the probative value of this evidence outweighed any prejudicial risk, and that Rule 404 (b) favors admission.

---

[2] Garrison concedes that the evidence was sufficient to convict him, but still contends that the evidence was consistent with his theory of defense.

5

Finally, he contends that there is no basis to find the exclusion of this evidence harmless, as it effectively denied him his constitutional right to present his defense.

We review the trial court's order regarding Rule 404 (b) evidence for abuse of discretion. See *Hounkpatin v. State*, 313 Ga. 789, 794 (2) (873 SE2d 201) (2022). Under Rule 404 (b),

> [e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

OCGA § 24-4-404 (b).

When we interpret Rule 404 (b), we may look to federal cases for guidance. See *State v. Almanza*, 304 Ga. 553, 555-556 (2) (820 SE2d 1) (2018); *State v. Jones*, 297 Ga. 156, 158 (1) (773 SE2d 170) (2015).

Here, the trial court excluded evidence of Christopher's prior drug convictions, which Garrison sought to admit to show that Christopher had the ability and intent to possess the drugs. This type of evidence is sometimes referred to as "reverse" Rule 404 (b) evidence. See *Davis v. State*, 315 Ga. 252, 262-263 (4) (b) (882 SE2d 210)

(2022); *United States v. Baptiste*, 935 F3d 1304, 1310-1311 (II) (A) (1) (11th Cir. 2019); *United States v. South*, 295 F. App'x. 959, 969 (II) (C) (2) (11th Cir. 2008) (unpublished).[3]

In *Davis*, our Supreme Court addressed the use of reverse Rule 404 (b) evidence, in which the defendant sought to admit evidence that another individual used a firearm during a bar fight to show that person's opportunity and intent to

---

[3] Garrison relies on *United States v. Stephens*, 365 F3d 967, 974-976 (B) (11th Cir. 2004); *United States v. Raphael*, 487 F. App'x. 490, 495-497 (III) (A) (1) (2012); and *Hargrove v. State*, 361 Ga. App. 106, 111-115 (2) (863 SE2d 364) (2021). But these cases are distinguishable. In *Stephens*, the Eleventh Circuit concluded that it was error to exclude evidence that a confidential informant purchased drugs from other individuals in addition to the defendant, which would have supported the defendant's theory that the informant purchased the drugs elsewhere and was setting him up to obtain leniency. 365 F3d at 975 (II) (B) (1). In contrast, Garrison seeks to admit Christopher's prior convictions not for a permissible "other purpose" under Rule 404 (b), but rather to show that Christopher possessed the drugs at issue in the instant case, just as he had in the past. Our Supreme Court rejected such use in *Davis*, 315 Ga. at 262-263 (4) (b). In *Raphael*, the defendant sought to admit Rule 404 (b) evidence during cross-examination of the investigator to show that the investigator had not been thorough or that the informant had been acting in his own self interest. 487 F. App'x at 496 (III) (A) (1). Finally, *Hargrove* involved the admission of the *defendant's* prior convictions under Rule 404 (b) and thus offers no insight into the application of the rule to third-party prior convictions. 361 Ga. App. at 111-112 (2). These cases do not require a finding that the Rule 404 (b) evidence was admissible in the instant case.

possess a gun. 315 Ga. at 260 (3).[4] The Court concluded that such evidence would not have been admissible because it was being offered to show the other person's propensity to possess a firearm. Id. at 263 (4) (b) (explaining that "this evidence could have been helpful to [defendant] only if the jury could infer that evidence that [the third party] brandished a gun in an incident 16 months after this one made it more likely that he brandished a gun here. That is textbook propensity evidence, which the jury would not have been allowed to consider.").

In the instant case, we cannot say that the trial court abused its discretion by excluding evidence of Christopher's prior drug convictions. See *Davis*, 315 Ga. at 260 (4) (b); *United States v. Parker*, 411 F. App'x 220, 222 (11th Cir. 2010); see also *Bass v. State*, 208 Ga. App. 859, 860 (2) (432 SE2d 602) (1993) (non-testifying third party's convictions were inadmissible to show third party committed crime); *United States v. Lucas*, 357 F3d 599, 606 (II) (A) (6th Cir. 2004) (applying Rule 404 (b) analysis to reverse Rule 404 (b) evidence and concluding it was inadmissible because third party's "prior conviction does not demonstrate [his] intent to sell [drugs] in the

---

[4] Because the defendant in *Davis* failed to preserve the issue for appeal, the Court limited its discussion of reverse Rule 404 (b) evidence to an ineffective assistance of counsel claim. *Davis*, 315 Ga. at 260 (3), 262-263 (4) (b).

future."). Applying the Rule 404 (b) analysis to Christopher's prior convictions, it is clear that the purpose of this evidence was to show that it was likely Christopher acted in conformity with his prior conduct — that he possessed the methamphetamine in this instance just as he had in the past. *Davis*, 315 Ga. at 263 (4) (b); *Lucas*, 357 F3d at 606 (II) (A). That very purpose renders the evidence inadmissible.[5] *Davis*, 315 Ga. at 263 (4) (b).

Additionally, excluding this evidence did not prevent Garrison from mounting his defense. See *Lucas*, 357 F3d at 606 (II) (A) ("complete defense does not imply a right to offer evidence that is otherwise inadmissible under the standard rules of evidence"). Trial counsel was able to cross-examine the police officers to elicit testimony that Christopher had access to the truck and that Garrison stated he wanted to take the blame to protect Christopher. Counsel also presented testimony from Garrison's daughter that Christopher lived in the shed where the safe was found and

---

[5] In *United States v. Parker*, 411 F. App'x. 220, 222 (11th Cir. 2010), the Court concluded that the criminal histories of third parties present at the arrest was inadmissible under Rule 404 (b) to show that those third parties could have been responsible, unless those third parties were called to testify. 411 F. App'x at 222. But Christopher did not testify in the instant case and thus the exception allowing the criminal histories of third parties under *Parker* would not apply.

that there were people she did not know coming to the shed everyday. As a result, Garrison was able to present his defense, and the trial court properly excluded the evidence of Christopher's convictions on this ground.[6]

2. Garrison next argues that he received ineffective assistance of counsel due to counsel's failure to argue that Christopher's convictions were admissible under Rule 404 (b) to establish Christopher's intent to possess the drugs. He contends that the trial court arbitrarily rejected counsel's admission that it was "an oversight" rather than trial strategy, especially in light of the court's statement that it had difficulty "figuring out" Garrison's ineffective assistance claim. Essentially, Garrison complains of the trial court's summary denial of his argument, concluding that the court's decision was arbitrary because it did not explain its reasoning in its order or

---

[6] We further note that evidence of Christopher's prior convictions would not have negated Garrison's guilt. The jury was charged regarding constructive and joint possession, as well as the standard for acting as a party to a crime. The evidence established that Garrison had access to the drugs; he informed police where the drugs would be located in the truck; he knew how to access the cash in the safe; and he gave police the contact information of his supplier from his own cell phone. See *South*, 295 F. App'x. at 970 (II) (C) (2) (no abuse of discretion in excluding reverse Rule 404 (b) evidence because the evidence would not have exonerated defendant, especially given the recorded conversations between the defendant and a confidential informant).

at the hearing. Finally, he argues that the outcome of the trial would have been different had the jury heard the evidence of Christopher's prior convictions.

> To succeed on a claim that counsel was constitutionally ineffective, [Garrison] must show both that his attorney's performance was deficient, and that he was prejudiced as a result. *Strickland v. Washington*, 466 U. S. 668, 687 (III), 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong of this test, counsel's performance will be found deficient only if it was objectively unreasonable under the circumstances and in light of prevailing professional norms. And under the second prong, prejudice is demonstrated only where there is a reasonable probability that, absent counsel's errors, the result of the trial would have been different. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Failure to satisfy either prong of the *Strickland* test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong. And although both the performance and prejudice components of an ineffectiveness inquiry involve mixed questions of law and fact, a trial court's factual findings made in the course of deciding an ineffective assistance of counsel claim will be affirmed by the reviewing court unless clearly erroneous.

(Citations and punctuation omitted.) *Green v. State*, 302 Ga. 816, 817-818 (2) (809 SE2d 738) (2018).

11

Having concluded in Division 1 that the evidence of Christopher's prior convictions was inadmissible, Garrison cannot meet his burden to show ineffective assistance. *Davis*, 315 Ga. at 263 (4) (b) ("failing to introduce inadmissible evidence is not deficient performance."). Accordingly, this enumeration is without merit.

For the foregoing reasons, the trial court properly denied Garrison's motion for new trial, and we affirm.

*Judgment affirmed. Miller, P. J., and Land, J., concur.*